204 N.J. Super. 386 (1985)
498 A.2d 1300
CHRISTINE CUCCURULLO, PLAINTIFF,
v.
MARK D. MESKIN, DEFENDANT.
Superior Court of New Jersey, Law Division, Monmouth County.
June 21, 1985.
*387 Lawrence M. Lawson for plaintiff (Lawson & Butler, Attorneys).
Robert D. Faccone for defendant (Carton, Nary, Witt & Arvanitis, Attorneys).

OPINION
MILBERG, A.J.S.C.
Plaintiff Christine Cuccurullo filed a notice of motion for a trial de novo.
The case was arbitrated on April 26, 1985, at which time an award was handed down. Rule 10B(1) of the statewide rules governing automobile arbitration expressly limits the time for trial de novo motions to 30 days from the date of decision. In accordance with R. 10B(1), plaintiff's time to file a motion for a trial de novo expired on May 26, 1985.
Plaintiff's motion was filed June 3, 1985, seven days out of time. Pursuant to R. 10B(1), plaintiff's motion was denied on June 21, 1985.
At the time of the decision, the court reserved the right to file a written opinion with reasons for the denial in the event an appeal was taken from the decision. An appeal was taken by plaintiff on August 5, 1985. The court now delivers the opinion setting forth the reasons for denial of plaintiff's motion.
*388 Rule 10B(1) of the statewide rules governing automobile arbitration sets forth the time provisions for trial de novo motions in arbitration cases. It provides:
B. The matter shall be subject to automatic dismissal unless:
(1) within 30 days of the date of the arbitration decision, either party rejects the decision and moves for a trial de novo. Such motion shall be filed within the Civil Case Manager and shall be accompanied by appropriate proof of service pursuant to R. 1:5-3 indicating service on all parties of interest;
This rule expressly limits the time for trial de novo motions to 30 days from the date of the decision. Plaintiff's motion was filed seven days out of time. The initial question before me is whether I have the authority to enlarge the time for trial de novo motions. I find that I do not.
Since the arbitration program itself is new to the court system, there is no case law directly on point. Consequently, I turn to the pre-existing New Jersey court rules for support of my decision. The rule most similar to the arbitration R. 10 for a trial de novo is R. 4:49-1. Rule 4:49-1(b) contains clear and definite time limitations for motions for a new trial in the Superior Court. It provides:
(b) Time for Motion, Cross Motion; Affidavits. A motion for a new trial shall be served not later than ten days after the court's conclusions are announced in non-jury actions or after the return of the verdict of the jury....
Examining the language of this rule, it should be first noted that an arbitration decision is similar to a non-jury action. The time limit set forth in R. 4:49-1(b) runs from the date the court's conclusions are announced.
I next consider whether the court has the power to enlarge the 30 day filing period under R. 4:49-1(b). I find that the court does not have such power. R. 1:3-4 contains general provisions for enlargement of time. Paragraph (c) of this rule provides in pertinent part:
(c) Enlargements Prohibited.
Neither the parties nor the court may, however, enlarge the time specified by ... R. 4:49-1(b) and (c)....
In Baumann v. Marinaro, 95 N.J. 380, 388 (1984), our Supreme Court noted: "This rule [R. 4:49-1(b)] has been strictly *389 enforced." Citing Moich v. Passaic Terminal & Transportation Co., Inc., 82 N.J. Super. 353, 361 (App.Div. 1964), the Court in Baumann explained that "notwithstanding the existence of extenuating circumstances, it has been consistently held that the trial court is without discretion to extend the time given by the rule." 95 N.J. at 388.
The Court added: "The policies of expedition and finality that underlie these time limitations would be defeated by extending the time to file a motion for a new trial under R. 4:49-1. Finality of judgments is essential to the efficient functioning of the court system; a litigant must know when an action is concluded." Id. at 389.
Following this reasoning, the time to file a motion for a trial de novo under R. 10 cannot be enlarged. Accordingly, plaintiff's motion for a trial de novo filed out of time is denied.