FRANCES COTTER, PLAINTIFF, v. STEVEN L. DODD, DEFENDANT.

Superior Court of New Jersey
Law Division Monmouth County

Decided June 21, 1985.

*Dennis A. Drazin* for plaintiff (*Drazin & Warshaw,* attorneys).

*Peter H. Spaeth* for defendant (*Wolf, Helies & Duggan,* attorneys).

MILBERG, A.J.S.C.

Plaintiff Frances Cotter by way of a Notice of Motion seeks an extension of time within which to file a motion for trial *de novo* or in the alternative granting a trial *de novo.*

The case was arbitrated on April 22, 1985, at which time an award was handed down. *R.* 10B(1) of the Statewide Rules Governing Automobile Arbitration expressly limits the time for trial *de novo* motions to 30 days from the date of decision. In accordance with *R.* 10B(1), plaintiff's time to file a motion for trial *de novo* expired on May 22, 1985.

Plaintiff's motion was filed May 23, 1985, one day out of time. Plaintiff's counsel states that upon conferring with plaintiff, plaintiff stated that she wanted to consult her doctor before making a decision regarding acceptance of the arbitration award. Since plaintiff was unable to secure an appointment within the time period allowed under the Rule for trial *de novo* motions, plaintiff now seeks a 30 day extension in which

to file the motion or, in the alternative, that a trial *de novo* be granted.

*R.* 10B(1) of the Statewide Rules Governing Automobile Arbitration sets forth the time provisions for trial *de novo* motions in arbitration cases. It provides:

> B. The matter shall be subject to automatic dismissal unless:
>
> (1) ... within 30 days of the date of the arbitration decision, either party rejects the decision and moves for a trial *de novo*. Such motion shall be filed within the Civil Case Manager and shall be accompanied by appropriate proof of service pursuant to *R.* 1:5–3 indicating service on all parties of interest;
>
> ...

This Rule expressly limits the time for trial *de novo* motions to 30 days from the date of the decision.

The initial question before me is whether or not I have the authority to enlarge the time for trial *de novo* motions or to grant a trial *de novo* out of time. I find that I do not.

Since the arbitration program itself is new to the court system, there is no case law directly on point. Consequently, I turn to the pre-existing New Jersey Court Rules for support of my decision. The rule most similar to the arbitration *R.* 10 for trial *de novo* is *R.* 4:49–1. *R.* 4:49–1(b) contains clear and definite time limitations for motions for new trial in Superior Court. It provides:

> (b) Time for Motion, Cross-Motion; Affidavits. A motion for a new trial shall be served not later than ten days after the court's conclusions are announced in non-jury actions or after the return of the verdict of the jury....

Examining the language of this rule, it should be first noted that an arbitration decision is similar to a non-jury action. The time limit set forth in *R.* 4:49–1(b) runs from the date the court's conclusions are announced.

I next consider whether the Court has the power to enlarge the 30 day filing period under *R.* 4:49–1(b). I find that the Court does not have such power. *R.* 1:3–4 contains general provisions for enlargement of time.

Paragraph (c) of this rule provides in pertinent part:

(c) Enlargements Prohibited. Neither the parties nor the court may, however, enlarge the time specified by ... *R.* 4:49–1(b) and (c)....

In *Baumann v. Marinaro*, 95 *N.J.* 380, 388 (1984), our Supreme Court noted; "This rule (*R.*4:49–1(b)) has been strictly enforced." Citing *Moich v. Passaic Terminal & Transportation Co., Inc.*, 82 *N.J.Super.* 353, 361 (App.Div.1964), the Court in *Baumann* explained that "notwithstanding the existence of extenuating circumstances, it has been consistently held that the trial court is without discretion to extend the time given by the rule." *Baumann, supra*, 95 *N.J.* at 388.

The Court added, "The policies of expedition and finality that underlie these time limitations would be defeated by extending the time to file a motion for a new trial under *R.* 4:49–1. Finality of judgments is essential to the efficient functioning of the court system; a litigant must know when an action is concluded." *Id.* at 389.

Following this reasoning, the time to file a motion for a trial *de novo* under *R.* 10 cannot be enlarged. Accordingly, plaintiff's motion for an extension of time or granting trial *de novo* out of time is denied.