205 N.J. Super. 367 (1985)
500 A.2d 1085
ROBERT MAZAKAS, SR. AND MARIE MAZAKAS, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
CAROL WRAY, ARCHWAY SCHOOL, ROBERT TWISDALE, J/S/A, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1985.
Decided November 12, 1985.
*368 Before Judges DREIER, BILDER and GRUCCIO.
Slimm, Dash & Goldberg attorneys for appellants Carol Wray and Archway School (Bruce E. Barrett, on the brief).
Daidone & Engrissei attorneys for respondents (Lawrence P. Engrissei, on letter brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendants have sought leave to appeal from the granting of plaintiffs' motion for a trial de novo under the Automobile Arbitration Program and the denial of defendants' cross motion to confirm an arbitration award. We have elected to consider the merits of this appeal simultaneously with the motion for leave to appeal on the motion papers pursuant to R. 2:11-2.
Plaintiff's initial claim rests upon the fact that the vehicles in which the plaintiff, Robert Mazakas, Sr. and defendant, Robert Twisdale were riding were, respectively, a commercial truck and a school bus. Although there may have been some question as to whether the parties were occupying "automobiles" subject to compulsory arbitration under N.J.S.A. 39:6A-24 et seq., the fact remains that they did not object to the submission of this case to arbitration under the Act and implicitly waived their right to raise this issue. We, therefore, will not consider that issue on this appeal.
*369 The matter was scheduled for arbitration in the Camden County program on July 17, 1985. The arbitration was held on that date, the arbitrator awarding plaintiffs $35,000 in damages and $4,000 in prejudgment interest[1]. Neither party rejected the decision within 30 days as required by N.J.S.A. 39:6A-31 and Rule 10B(1) of the Statewide Rules Governing Automobile Arbitration (Arbitration Rules)[2] and, therefore, the underlying pending tort complaint was dismissed August 19, 1985. On August 27, 1985, plaintiff filed a motion (a "petition," under N.J.S.A. 39:6A-1) requesting a trial de novo pursuant to Rule 10B(1), and on September 3, 1985 pursuant to Rule 10B(2) defendants filed a motion seeking confirmation of the arbitration award. This latter motion was within the 50-day period specified by the Rule. At oral argument the trial judge ruled that plaintiffs would be granted a trial de novo and defendants were denied confirmation.
Plaintiffs note that permitting the case to go to trial would occasion no delay since the assignment judge has already placed the case on the current monthly trial list. Also plaintiffs assert that settlement discussions had been proceeding between the parties following the arbitration, and it would be inherently *370 unfair to enforce the 30-day limitation when plaintiffs thought defendants were bargaining in good faith for an amount other than that awarded by the arbitrator. Defendants contend that plaintiffs knew well before the 30 day period expired that they were offering the full arbitration award, and that no offers would be made in excess thereof.
The trial judge stated that his practice has been to relax the filing rules and permit a late filing of the petition for a trial de novo. He further noted that there is no definite rule governing this point and that in other counties judges "are becoming very strict and holding parties to the letter of the 30 day time period." See, e.g., Cotter v. Dodd, 204 N.J. Super. 561 (Law Div. 1985) and Cuccurullo v. Meskin, 204 N.J. Super. 386 (Law Div. 1985).
The issues before us are whether the 30-day period is jurisdictional and, if not, (a) whether the statutory time period and Arbitration Rule 10B(1) are either subject to the general relaxation provisions of R. 1:1-2 or, as held in Cotter, the trial courts have been denied power to relax the rule; and (b) if relaxable, what standards for relaxation should be applied.
The 30-day limitation upon a party's filing for a trial de novo is not jurisdictional. The complaint already is before the Superior Court, and the arbitration proceedings are but a diversion of at least the initial adjudication of the claim to arbitration. There are no new statutory rights created limited in their exercise to a specific time period. See White v. Violent Crimes Compensation Board, 76 N.J. 368, 376 (1978), although, as there stated, even in such cases we no longer apply a "mechanistic treatment" to determine whether the limitation is substantive or procedural (at 379). And see Kaczmarek v. New Jersey Turnpike Authority, 77 N.J. 329, 338-39 (1978). It is clear from the Act and Arbitration Rules that even in the event of a failure to request a trial de novo the complaint remains pending before the court. There is to be no dismissal *371 before 50 days following the arbitration award[3] so that there is a subsisting matter in which either a consent order or motion for confirmation may be submitted to the court. The rules, therefore, govern the conduct of proceedings already before the courts, not the commencement of a newly-created cause of action.
We note also that the arbitration time limitations have not been included within the prohibition from enlargement contained in R. 1:3-4(c). But since the Arbitration Rules were not then encompassed within the Rules Governing The Courts Of The State Of New Jersey, we would not expect to have then found specific reference within R. 1:3-4(c) to the filing provisions of the Arbitration Rule. R. 1:3-4(c) has not been amended to include this time limitation. The power of a judge to relax the rules has, therefore, not been removed by the Supreme Court.
We should next look beyond the question of the power of the court to relax the rule to the policy of the arbitration procedure itself as evidenced from the legislative enactment and promulgation of the Arbitration Rules. The stated aim of the compulsory arbitration program is to bring speedy and inexpensive adjudication of disputes subject to the Act, "and to ease the burdens and congestion of the State's courts." N.J.S.A. 39:6A-24. We agree generally with the import of Cotter v. Dodd, supra, i.e., that the arbitration process, once accomplished, should ordinarily bring about an end to the litigation when neither party has made a timely motion for a trial de novo. But, the analogy drawn in Cotter and Cuccurullo to R. 4:49-1, which is governed by the prohibitions for enlargement in R. 1:3-4(c), is inapposite. We determine that the courts do possess the power to enlarge the time, but that such power should be exercised only in extraordinary circumstances. For example, if plaintiffs contended that defendants through negotiations *372 lulled them into missing the filing date, a court might determine that defendants should be equitably estopped from raising the 30-day bar and that the petition should be deemed filed nunc pro tunc. See Tantum v. Binz, 91 N.J. 426 (1982), rev'g on Judge Botter's dissent 186 N.J. Super. 296, 302 (App. Div. 1981). There may also be a finding of substantial compliance with the filing limitation. Cf. Galligan v. Westfield Centre Service, Inc., 82 N.J. 188 (1970). These are merely two examples. Generally, when asked after the passage of 30 days to bypass the binding effect of this statutory arbitration, the trial courts should be guided by the same principles as they would apply in passing upon a motion for relief from an order or a judgment under R. 4:50-1[4]. Of course, the one year limitation of R. 4:50-2 would not apply, since this proceeding has its own internal limitation. But, considering the intention of the arbitration program for finality in the proceedings, the passage of time should be a critical factor in a judge's consideration.
We reiterate that the Supreme Court has not, as in the case of motions for a new trial made under R. 4:49-1(b) and (c) or relief from a judgment under R. 4:50-1 and 2, under R. 1:3-4(c) taken from the trial courts the power to relax this 30-day time constraint and to grant motions nunc pro tunc permitting the filing of a petition for a trial de novo. However, the trial court's express and inherent power to relax rules and grant equitable relief must be sparingly exercised with a view to implementing both the letter and the spirit of the compulsory arbitration statute and the rules promulgated pursuant thereto, to the end that the arbitration proceedings achieve finality.
*373 The order appealed from is reversed and this matter is remanded to the Law Division for reconsideration applying the standards set forth herein.
NOTES
[1] We note initially that the report and the award of the arbitrator shows on its face that it was rendered July 17, 1985, with copies given to counsel. Under the statute, the 30-day period commences, not with the rendering of the award but with the "filing of the arbitration decision with the court." N.J.S.A. 39:6A-31. Arbitration Rule 10B(1) measures the time from "the date of the arbitration decision." We assume that no party would be prejudiced by having followed the statutory mandate if these dates in fact were different. We have, however, independently determined that the award here was filed the same date it was rendered with the Case Manager who accepted the same on behalf of the court, although such filing was not noted on the docket maintained by the Superior Court Clerk. The new Court Rule, R. 4:21A-6(b)(1), employs the phrase: "after filing the arbitration award."
[2] These rules, in effect as of the action described in this opinion, have been incorporated in the Court Rules as R. 4:21A-1 et seq.; Arbitration Rule 10(B)(1) is now R. 4:21A-6(b)(1).
[3] We note that in this case the complaint was dismissed just 12 days after the award. The application before the trial judge should therefore have been for an order both vacating the dismissal and extending the 30 day period to apply for a trial de novo.
[4] If the arbitration itself is challenged on an objection to confirmation, as opposed to a motion for a de novo trial, N.J.S.A. 2A:24-8 (governing the vacation of an arbitrator's award and direction of a rehearing) provides well-defined standards. See N.J.S.A. 39:6A-31 incorporating these standards by reference. If the application for confirmation is outside of the 50-day period, see Heffner v. Jacobson, 100 N.J. 550 (1985).