211 N.J. Super. 213 (1986)
511 A.2d 699
ZOLTAN GERZSENYI AND EDITH GERZSENYI, PLAINTIFFS-APPELLANTS,
v.
WILLIAM C. RICHARDSON AND HOUSE OF HARLEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 19, 1986.
Decided June 18, 1986.
*214 Before Judges FURMAN, PETRELLA and SKILLMAN.
Harvey Levine argued the cause for appellants (Ploshnick & Levine, attorneys; Gary M. Weiss, on the brief).
Stephen J. Spudic argued the cause for respondents (Britt & Riehl, attorneys).
The opinion of the court was delivered by PETRELLA, J.A.D.
Plaintiffs appeal the denial of their motion for a trial de novo following an automobile arbitration proceeding, as well as a second order confirming the arbitrator's award.
The automobile accident which was the subject of the arbitration occurred on September 20, 1982. The complaint was filed November 29, 1982. Defendants filed an answer denying liability. The matter was then scheduled for arbitration pursuant to the then applicable interim state-wide rules governing automobile arbitration. See 114 N.J.L.J. 637 (December 20, 1984). These rules have now been included, in modified form, in the Rules of Court. R. 4:21A-1, et seq., effective January 2, 1986. The arbitration was held on May 15, 1985 and an award of $30,000, plus $8,700 in interest was made.
The then effective Rule 10B of the interim statewide arbitration rules had provided:
B. The matter shall be subject to automatic dismissal unless:
(1) within 30 days of the date of the arbitration decision, either party rejects the decision and moves for a trial de novo. Such motion shall be filed with the Civil Case Manager and shall be accompanied by appropriate proof of service pursuant to R. 1:5-3 indicating service on all parties of interest;.... [114 N.J.L.J. 646].
*215 The Rules of Court subsequently adopted to implement the automobile arbitration provisions of N.J.S.A. 39:6A-24 to 35, provide in R. 4:21A-6(b):
(b) Dismissal. An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
(1) within 30 days after filing of the arbitration award, a party thereto files with the civil case manager a notice, to be served on all other parties, of rejection of the award and demand for a trial de novo;. ...
On or about June 13, 1985 plaintiffs' attorneys mailed a motion, returnable July 12, 1985, to the Clerk of the Superior Court, the Monmouth County Clerk and defendants' attorney seeking a trial de novo on all issues. Defendants cross-moved seeking a confirmation of the arbitration award. Plaintiffs' motion was not received by the Clerk of the Superior Court (and presumably the case manager) until Monday, June 17, 1985. This was after June 14, 1985 which was the thirtieth day following the arbitration award. R. 10B of the interim state-wide arbitration rules required that within 30 days after filing of the arbitration award, a party thereto could reject it and demand a trial de novo by filing a motion[1] for a trial de novo with the civil case manager and serving a copy on other interested parties.
Plaintiffs' motion was denied as untimely, and the cross-motion which sought confirmation of the arbitration award was granted. The judge noted on the July 12, 1985 order denying the motion that the time for filing a motion for a trial de novo expired on June 14, 1985 and that because this motion was filed on June 17, 1985, which was three days late, it was not filed within time. Instead of taking an appeal, plaintiffs thereafter filed a motion dated July 16, 1985, and returnable on August 2, 1985, seeking reconsideration of that denial. That motion was denied. Plaintiffs again moved for reconsideration and that *216 motion was denied by a September 13, 1985 order. This denial recited essentially the same reason as in the original denial of plaintiffs' motion. On October 15, 1985 plaintiffs filed a notice of appeal, assertedly from the orders of July 12, August 2 and September 13, 1985.[2]
Plaintiffs contend in their brief that they filed a Motion requesting a trial de novo on June 13, 1985 by the mailing. If that were the case, no appeal would be necessary. Although plaintiffs' motion papers are "dated" June 13, 1985 (see R. 1:4-5), and may have been served timely,[3] the rules generally contemplate that where filing is involved, as opposed to service of papers, actual filing is necessary with the court or the clerk of the court. See R. 1:5-6(b); see also Waite v. Davis, 204 N.J. Super. 632, 635 (App.Div. 1985).
Plaintiffs' argument that Rule 10B only required that the notice of motion be "made," and does not refer to the word "filed," is erroneous. A reading of the interim rule clearly indicates that filing of the motion was required. Moreover, reference to a motion would itself implicate R. 1:5-1, et seq. and its filing provisions. See R. 1:5-6(b).
*217 The plaintiffs' three motions in the trial court in this case were apparently submitted on the papers, without oral argument, and without any statement of reasons on the record (other than what the judge inserted in the orders of denial). Because this appeal arose out of the Monmouth County vicinage, we assume that the trial court judge was aware of and may have relied on the June 21, 1985 decisions of his assignment judge, reported as Cotter v. Dodd, 204 N.J. Super. 561 (Law Div. 1985) and Cuccurullo v. Meskin, 204 N.J. Super. 386 (Law Div. 1985). These decisions held that the 30-day time period in Rule 10B was jurisdictional and could not be waived. However, on November 12, 1985 we decided Mazakas v. Wray, 205 N.J. Super. 367 (App.Div. 1985), which essentially overruled Cotter and Cuccurullo, and held that the 30-day limitation upon a party's filing for a trial de novo is not jurisdictional, id. at 370-371, while discussing standards for considering late applications that would generally conform to those involved in matters considered under R. 4:50-1.
The trial judge decided this matter before Mazakas was decided. We now expressly overrule Cotter and Cuccurullo. We see no reason to remand this case for further consideration under the Mazakas standards where such a short time period is involved. Essentially, plaintiffs' motion was filed one business day late. Substantial compliance with the filing limitation is evident from the facts in this case and this constitutes one of the "extraordinary circumstances" referred to in Mazakas (205 N.J. Super. at 371-372). Hence, in the exercise of our original jurisdiction, we reverse the order denying reconsideration and remand for entry of an order returning the case to the trial calendar in such position as it would have had if it had not been referred to arbitration. See interim Rule 10C and R. 4:21A-6(c).
Reversed and remanded for further proceedings in accordance with this opinion.
NOTES
[1] To the extent that the rule requires "filing" of a document with the civil case manager, it is somewhat anomalous. Generally, filing is with the court or the clerk of the court. R. 1:5-6(b). See also N.J.S.A. 39:6A-31.
[2] Technically, this appeal was out of time for all of the orders except that of September 13, 1985. Respondent has not raised this issue on appeal. There is presently no rule which allows a motion for reconsideration in the trial court. See Michel v. Michel, 210 N.J. Super. 218 (Chan.Div. 1985). Nor does such an application toll the time for appeal. See R. 2:4-3. Hence, absent an extension of time, we might dismiss the appeal from the July 12, 1985 order as untimely and limit our review to the propriety of the order of September 13, 1985 denying reconsideration. Because the issue was not raised on appeal, and the trial judge did not dismiss the motions, we have opted not to dismiss the appeal. We do not intend hereby to approve motions for reconsideration or to indicate that we will reach the merits in other cases where there is a failure to timely appeal from the original order.
[3] Service of pleadings after the complaint has been filed is generally considered complete on mailing. See R. 1:5-4. Moreover, when the mail is used an additional three days is authorized for service of pleadings under R. 1:3-3.