286 N.J. Super. 566 (1996)
670 A.2d 40
CHARLES J. BEHM, PLAINTIFF-RESPONDENT,
v.
JOAQUIM M. FERREIRA, DEFENDANT-APPELLANT. ANTONIO MARTINS, PLAINTIFF-RESPONDENT,
v.
ROLANDO O. CRUZ, JR., AND DOES I AND II, INCLUSIVE, DEFENDANTS-APPELLANTS. TERI JEAN GREEN AND BRUCE GREEN, HER SPOUSE; MARY THERESA DUNN; MARCELLINA SEITZ; PATRICIA L. SCOTT; AND MARTINA GORMLEY ROTH, PLAINTIFFS-RESPONDENTS
v.
ROLANDO CRUZ, JR., DEFENDANT-APPELLANT,
v.
ANTONIO MARTINS, SHERATON INN-NEWARK AIRPORT, ITT-SHERATON, A MASSACHUSETTS CORPORATION, SHARYN VAUGHN, PLAINTIFF-RESPONDENT,
v.
ROLANDO CRUZ, JR., DEFENDANT-APPELLANT, AND ANTONIO C. MARTINS, GELCO CORPORATION, CONTINENTAL COMPANIES, INC., D/B/A SHERATON HOTELS, AND ABC COMPANY, NAME BEING FICTITIOUS, DEFENDANTS-RESPONDENTS. JUANITA RIVERA AND CLARA RIVERA, PLAINTIFFS-RESPONDENTS,
v.
JOSE L. QUINTANA, DEFENDANT-APPELLANT, AND JESUS RIVERA, CSC INSURANCE SERVICES AND NEW JERSEY UNDERWRITERS ASS'N, AMGRO, INC., MARKET TRANSITION FACILITY OF N.J., AND JOHN DOE, DEFENDANTS. TONJA SWAIN, PLAINTIFF-RESPONDENT,
v.
DIONNE SPANN, JOHN DOE (FICTITIOUS NAME) AND ABC CORP. (FICTITIOUS NAME), DEFENDANTS-APPELLANTS. VIVIAN COLANTINO, NICHOLAS J. COLANTINO, HER SPOUSE; ANTHONY C. COLANTINO, BY HIS GUARDIAN AD LITEM, VIVIAN COLANTINO; JUNE DESTEFANO AND ANTHONY DESTEFANO, HER SPOUSE, PLAINTIFFS-RESPONDENTS,
v.
FRANCISCO ARANGO, INDIVIDUALLY AND AS AGENT FOR FIDELCOR SERVICES, INC.; AND FIDELCOR SERVICES, INC., A NEW JERSEY CORPORATION, DEFENDANTS/APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1995.
Decided January 18, 1996.
*568 Before Judges BAIME, VILLANUEVA, and KIMMELMAN.[1]
Daryl Ann Bancks argued the cause for appellants (Ruvoldt & Ruvoldt, attorneys; Kimberly Hintze-Wilce, Ms. Bancks, of counsel; Ms. Hintze-Wilce, on the briefs).
Carl J. Herman, attorney for plaintiff-respondent Antonio Martins (Mr. Herman, of counsel and on the brief).
Lucariello & Gualano, attorneys for respondents Mary Theresa Dunn, Marcellina Seitz and Martina Gormley Roth (Hugh E. Lucariello, of counsel and on the brief).
*569 Gary Bundy argued the cause for respondent Sharyn Vaughn (LaCorte, Bundy & Varady, attorneys; Christopher J. Kinsella, of counsel and on the brief).
Robert Brotman, attorney for respondent Juanita Rivera (Mr. Brotman, of counsel and on the brief).
Samuel Lachs argued the cause for defendants-respondents Sheraton Inn-Newark Airport, ITT Sheraton, Gelco Corporation, Continental Companies, Inc., d/b/a Sheraton Hotels and Antonio Martins (Judith A. Heim, attorney; Lisa A. Arkin, of counsel and on the brief).
Luis A. Alum argued the cause for respondents Vivian Colantino, Nicholas Colantino, June DeStefano and Anthony DeStefano (Alum & Ferrer, attorneys; Mr. Alum, of counsel; Mr. Alum and Carlos A. Ferrer, on the brief).
The opinion of the court was delivered by VILLANUEVA, J.A.D.
In these consolidated cases,[2] defendants appeal from various trial court orders confirming arbitration awards and denying defendants' untimely motions for trials de novo based upon defendants' claim of excusable neglect by an associate of the law firm defending the various insurance carriers who failed to handle the matters properly and failed to file for trials de novo. We affirm.

CRUZ CASES
On November 10, 1992, plaintiff Sharyn Vaughn filed a complaint against defendants Rolando Cruz, Jr., Antonio C. Martins, Gelco Corporation, Continental Companies, Inc., d/b/a Sheraton Hotels and ABC Company, a fictitious entity. Ruvoldt & Ruvoldt (Ruvoldt) filed an answer and a cross-claim for contribution on behalf of Rolando Cruz. Judith A. Heim filed an answer and *570 cross-claim for contribution on behalf of defendants Sheraton Hotels, Gelco Corporation, Continental Companies, Inc. and Antonio C. Martins.
On November 12, 1992, plaintiffs Teri Jean Green and Bruce Green, her spouse, Mary Theresa Dunn, Marcellina Seitz, Patricia L. Scott and Martina Gormley Roth filed a complaint against Sheraton Inn-Newark Airport, ITT-Sheraton, Antonio Martins, and Rolando Cruz, Jr., jointly and severally. Ruvoldt filed an answer and cross-claim on behalf of defendant Rolando Cruz.
On November 12, 1992, Antonio Martins filed a complaint against Orlando O. Cruz, Jr. Ruvoldt filed an answer on behalf of defendant Rolando Cruz, Jr. (incorrectly named as Orlando O. Cruz, Jr.).
Ruvoldt selected Morgan Hurley,[3] an associate in its office, to handle the defense of these three complaints which arose out of an automobile accident which occurred on November 15, 1990. On February 16, 1994, arbitration of all three actions was held, at which time defendant Cruz was found to be 100% liable. The arbitrator awarded Vaughn $12,500; Seitz $100,000; Scott $12,500; Dunn $75,000; Roth $12,500; Green $12,500; and Martins $250,000. The aggregate arbitration award of $475,000 exceeded Cruz's policy limits of $15,000/$30,000. Thereafter, Hurley, who had appeared at the arbitration hearings, failed to communicate with the insurance carrier Hertz Claim Management/EDS or take any other action in the case.
By notice of motion dated April 15, 1994, counsel for plaintiff Martins sought to confirm the arbitration award. Counsel for the remaining plaintiffs also filed similar motions. Ruvoldt filed a *571 cross-motion for a trial de novo out of time and to consolidate the three actions.
On May 13, 1994, after hearing oral argument, Judge Beglin entered an order confirming the arbitration awards in the aggregate of $475,000 and denying defendant's cross-motion to file for a trial de novo out of time. The judge, pursuant to R. 2:5-1(b), later filed a formal opinion with the Appellate Division. Judge Beglin found that Hurley's inattention "was a rather classic example of the `neglectful attorney' syndrome described in Sprowl v. Kitselman, 267 N.J. Super. 602, 632 A.2d 540 (App.Div. 1993), and that it did not constitute an extraordinary circumstance as would permit the attorney to make a late demand for trial de novo."

RIVERA CASE
On June 21, 1993, Juanita Rivera and Clara Rivera filed a complaint against Jose L. Quintana, Jesus Rivera, CSC Insurance Services (CSC), Jersey Full Insurance Underwriters Association, Amgro, Inc., and Market Transition Facility of N.J. for personal injuries stemming from an automobile accident with Quintana which occurred on June 23, 1991. There is nothing in the record to show that CSC, Jersey Full Insurance Underwriters Association, Amgro, Inc., and Market Transition Facility of N.J. were served with the complaint. Defense of the case was assigned to Ruvoldt.
On February 16, 1994, Hurley appeared at the automobile arbitration proceeding where defendant Quintana was found to be 100% liable and Juanita Rivera was awarded $13,500.[4] Quintana's insurance policy with CSC was limited to $15,000. Thereafter, Hurley failed to communicate with CSC or take any action in the case.
Thirty-seven days after the entry of the arbitration award, Juanita Rivera moved to confirm the award against Quintana. *572 Forty-nine days following the entry of the arbitration award, Quintana filed a cross-motion to permit an untimely notice for a trial de novo. Judge Beglin granted Juanita Rivera's motion to confirm the award and denied defendant's cross-motion. Judge Beglin further found that "[h]ere again, the neglect exhibited by defense counsel's office was manifest, absolutely nothing of an extraordinary circumstance was shown."

COLANTINO CASE
On November 9, 1992, plaintiffs Vivian Colantino, Nicholas J. Colantino, her spouse, Anthony C. Colantino by his Guardian Ad Litem Vivian Colantino, June DeStefano and Anthony DeStefano, her spouse, filed a complaint against defendants Francisco Arango, individually and as agent for Fidelcor Services, Inc., and Fidelcor Services, Inc., for injuries arising out of an automobile accident which occurred on November 14, 1990. Defendants' insurance carrier assigned defense of the case to Ruvoldt who filed an answer on behalf of Arango, the driver, and Fidelcor Services, Inc., owner of the vehicle.
At arbitration on January 13, 1994, defendant Arango was found 100% liable and the awards were as follows: Vivian Colantino $195,000; Nicholas Colantino $3,500 (per quod claim); June DeStefano $85,000; and Anthony DeStefano $2,500 (per quod claim). At the hearing, plaintiffs' counsel requested that Hurley produce defendants' insurance declaration page. Despite subsequent additional requests, plaintiffs' attorney never received it and the attorney claims that he still is uncertain of the coverage for both defendant driver and owner. Defendant Arango's appellate brief states that the arbitration award to Vivian Colantino exceeds the policy limit of $100,000.
On February 24, 1994, plaintiffs filed a motion to confirm the arbitration awards as no trial de novo request was filed by defendants even after the fifty-day period. R. 4:21A-6(b)(3). Thereafter, plaintiffs' attorney contacted Ruvoldt's office advising Hurley that the new return date of the motion would be March 18, *573 1994, and asking him to return the telephone call. Neither Hurley nor anyone else from Ruvoldt's office contacted plaintiffs' attorney or otherwise responded to the motion to confirm the arbitration award.
On March 18, 1994, Judge Arthur L. Troast signed the order confirming the arbitration award against Francisco Arango, individually and as agent for Fidelcor Services, Inc., and Fidelcor Services, Inc. The signed order was forwarded to Ruvoldt's office on March 22, 1994. On April 12, 1994, another letter was mailed to Hurley advising that, notwithstanding the signed order, the respective offices had to appear in court for a calendar call/trial on Monday, April 18, 1994.[5] On April 15, 1994, Ruvoldt, solely on behalf of Arango, filed a motion seeking to vacate the prior judgment and filed a motion for a trial de novo out of time.
After oral argument, Judge Troast denied defendant Arango's motions, finding that "this is a case where relaxation of the dismissal provision would not promote finality of arbitration but rather would accomplish the opposite result. Again, in my opinion the movants have not established extraordinary circumstances."

DEFENDANTS' ARGUMENT ON APPEAL
Defendants appeal from the judgments confirming arbitration awards in each of these cases. Relying upon Sprowl v. Kitselman, supra, 267 N.J. Super. 602, 632 A.2d 540, and Mazakas v. Wray, 205 N.J. Super. 367, 500 A.2d 1085 (App.Div. 1985), they argue that some of the awards exceeded the policy limits, the insureds were blameless and the problems were caused by extraordinary circumstances of attorney neglect.
We have held that in order to relax the thirty-day limitation on requests for trial de novo subsequent to arbitration decisions, "extraordinary circumstances" must exist. Mazakas v. *574 Wray, supra, 205 N.J. Super. at 371, 500 A.2d 1085. The policy underlying this decision is to allow the arbitration process to bring about the termination of litigation when neither party has requested a trial de novo. Id. This furthers the stated aims of the compulsory arbitration program, which is to bring about inexpensive, speedy adjudications of disputes and to ease the caseload of state courts. Id.
In Sprowl v. Kitselman, supra, plaintiff's attorney did not receive a timely notification of the arbitration proceeding and therefore did not attend. The arbitration resulted in a no cause verdict against plaintiff. Although the attorney stated that he thought that he then filed a motion for a trial de novo, the motion was never sent out by his office. The attorney had no procedural mechanism to insure that the secretary had filed the motion. 267 N.J. Super. at 607, 632 A.2d 540. We held that "[f]ailure to supervise one's secretary does not ordinarily present such `extraordinary circumstances' as will permit an attorney to make a late demand for a trial de novo." Id. at 609, 632 A.2d 540. We remanded the matter for arbitration only because the plaintiff's counsel had no notice of the arbitration hearing. Id. at 609-10, 632 A.2d 540.
This case involves the integrity of the arbitration process and enforceability of arbitration awards. If a party could set aside an arbitration award and obtain a trial de novo whenever his or her attorney neglected to file for a trial de novo within time solely because of a clerical error or failure to note or advise the client of the thirty-day requirement to file for a trial de novo, there would be an open door which would render the thirty-day time limit of R. 4:21A-6(b)(1) meaningless. Such a relaxation of the rule "thwarts the effectiveness of a valid arbitration." Id. at 610.
The excuse that an attorney is too busy or has too heavy a work load to properly handle litigation or to supervise staff is insufficient to constitute extraordinary circumstances. See, Hart v. Property Mgmt. Sys., 280 N.J. Super. 145, 148-49, 654 A.2d 1012 (App.Div.), certif. denied, 141 N.J. 99, 660 A.2d 1197 (1995) *575 (party's counsel failed to establish mistake, inadvertence or excusable neglect sufficient to obtain relief from judgment confirming arbitration award following party's failure to file a timely demand for trial de novo).
The fact that the defense attorney was hired by the defendants' insurance carriers or that some of the awards exceeded policy limits has no bearing in our decision.
We affirm all these judgments substantially for the reasons set forth by Judges Beglin and Troast in their thoughtful and thorough opinions of July 1, 1994, and May 13, 1994, respectively.
NOTES
[1] Judge Kimmelman did not participate in oral argument. However, the parties consented to his participation in the decision.
[2] The Swain case was settled before argument and the Behm case was settled after oral argument.
[3] Mr. Hurley was admitted to the New Jersey Bar in 1989 and was employed by the law firm of Ruvoldt & Ruvoldt, P.A., from January 3, 1994, until he failed to appear at work on April 11, 1994. He subsequently telephoned Ruvoldt and resigned as a result of personal problems. He refused to give any further explanation.
[4] Plaintiff Clara Rivera's case was voluntarily dismissed as not meeting the verbal threshold.
[5] For some inexplicable reason, the motion, notice of appeal and the appellate brief fail to mention the other defendants against whom judgment was also entered.