771 A.2d 707 (2001)
339 N.J. Super. 337
Roseann CORCORAN and Michael P. Corcoran, her husband, Plaintiffs-Respondents,
v.
ST. PETER'S MEDICAL CENTER, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued March 27, 2001.
Decided April 23, 2001.
*708 Michael E. Mc Gann argued the cause for appellant (Amdur, Boyle, Maggs & Mc Gann, attorneys; Mr. Mc Gann, on the brief).
Stephen S. Weinstein, Morristown, argued the cause for respondents (Michael A. Cohan, attorney; Mr. Cohan, of counsel and on the brief).
Before Judges SKILLMAN, CONLEY and WECKER.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether a party to an arbitration proceeding mandated by Rule 4:21A which filed and served a demand for a trial de novo within the permitted thirty day period is entitled to a trial de novo even though it mistakenly made service of the demand upon the other party's former attorney. We conclude that the substantial compliance doctrine applies to service of a demand for a trial de novo, and that defendant's timely service of its demand upon plaintiffs' former attorney substantially complied with Rule 4:21A-6(b)(1).
On November 19, 1997, plaintiffs filed this personal injury action arising out of plaintiff Roseann Corcoran's trip and fall on the premises of defendant St. Peter's. When they filed their complaint, plaintiffs were represented by Edward F. Duschock. On April 8, 1999, a substitution of attorney was filed, substituting Michael A. Cohan for Mr. Duschock as plaintiffs' attorney. Thereafter, defendant's attorney dealt with Mr. Cohan as plaintiffs' attorney. On February 17, 2000, an arbitration was held in accordance with Rule 4:21A, which resulted in an award of $240,000 to plaintiffs.
On March 8, 2000, defendant submitted a notice of a demand for a trial de novo to the Arbitration Administrator. When defendant's attorney sent this notice for filing, he also served a copy upon plaintiffs. However, the notice was sent to Mr. Duschock *709 rather than to Mr. Cohan. On March 23, 2000, defendant's attorney also sent a copy of the notice to Mr. Cohan.
On March 22, 2000, plaintiffs filed a motion for confirmation of the arbitration award. Mr. Cohan submitted a certification which stated that the thirty day period for filing a demand for a trial de novo had expired on March 20, 2000, and that he had not been "served with a Demand for Trial De Novo on behalf of the defendant."
Defendant's answering papers took the position that the notice of demand for trial de novo had been properly served on Mr. Duschock because its file showed he was still plaintiffs' attorney of record. The certification submitted by defendant's attorney stated in pertinent part:
5. On or about April 9, 1999, this office received a copy of a letter from Michael A. Cohan, Esq. to the Clerk of Middlesex County which had annexed thereto a purported Substitution of Attorney which was signed by Edward F. Duschock, Esq. but not signed by Michael A. Cohan, Esq.
6. Contrary to R. 1:5-1, this office has never been served with a filed, signed copy of that pleading purporting to be a Substitution of Attorney. Therefore, our file still reflects Mr. Duschock as the Attorney of Record of the plaintiff.
In reply, plaintiffs submitted a supplemental certification by Mr. Cohan which alleged that he had served the substitution of attorney upon defendant's attorney at the same time he sent it to the court for filing and that his office had had an extensive course of dealings with defendant's attorney since that time.
The trial court granted plaintiffs' motion, concluding that Mr. Cohan was the attorney of record at the time of the arbitration hearing, and that, under our decision in Jones v. First Nat'l Supermarkets, Inc., 329 N.J.Super. 125, 746 A.2d 1072 (App.Div.), certif. denied, 165 N.J. 132, 754 A.2d 1209 (2000), defendant's service of its demand for a trial de novo upon plaintiffs' former attorney, rather than upon Mr. Cohan, compelled rejection of the demand and confirmation of the award.
Defendant appeals from the order memorializing this ruling. We assume for the purpose of this opinion that Mr. Cohan properly served defendant with a copy of the substitution of attorney. However, we conclude that defendant's mistaken service of the demand for a trial de novo upon plaintiffs' former attorney within the thirty day period allowed by Rule 4:21A-6(b)(1), followed by service of the demand upon Mr. Cohan within a few days after expiration of the period, constituted substantial compliance with the service requirement of this rule. Accordingly, we reverse the order rejecting defendant's demand for a trial de novo, and remand the case for trial.
The arbitration in this case was conducted pursuant to N.J.S.A. 2A:23A-20 to -30 and Rule 4:21A, which mandate the arbitration of all non-automobile negligence personal injury actions except for professional malpractice claims.[1] The statute does not mandate service of a demand for a trial de novo upon the other parties to the action; it simply provides that a party may obtain a trial de novo by "petition[ing] *710 the court within 30 days of the filing of the arbitration decision[.]" N.J.S.A. 2A:23A-26.[2] However, the court rule provides that to obtain a trial de novo, a party must "within 30 days after filing of the arbitration award, ... file[ ] with the civil division manager and serve [ ] on all other parties a notice of rejection of the award and demand for a trial de novo[.]" R. 4:21A-6(b)(1) (emphasis added).
In Jones, supra, we concluded that the requirement of service of the demand for a trial de novo upon other parties should be "strictly enforced." 329 N.J.Super. at 127, 746 A.2d 1072. Consequently, we held that the trial court had properly rejected a demand that had been timely filed, but not served until after expiration of the thirty day period allowed under Rule 4:21A-6(b)(1). Ibid. However, we did not have occasion in Jones to consider whether a party who makes service of a demand for a trial de novo within the thirty day period, but mistakenly sends the demand to the wrong party or attorney, should be deprived of the opportunity for a trial de novo.
When a party undertakes to comply with a statutory requirement, but fails to comply strictly, and there is no showing another party has been prejudiced, "[c]ourts invoke the doctrine of substantial compliance to `avoid technical defeats of valid claims.'" Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 239, 708 A.2d 401 (1998) (quoting Zamel v. Port of New York Auth., 56 N.J. 1, 6, 264 A.2d 201 (1970)); see also Negron v. Llarena, 156 N.J. 296, 304-07, 716 A.2d 1158 (1998) (applying substantial compliance doctrine to issue of compliance with statute of limitations governing wrongful death actions).
This doctrine has been applied where a party files a pleading or other court document in a timely manner, but fails to make service in strict accordance with the governing court rule or statute. In Stegmeier v. St. Elizabeth Hosp., 239 N.J.Super. 475, 571 A.2d 1006 (App.Div.1990), the defendant filed a timely motion for new trial and on the same day gave the motion to a delivery service with instructions to make personal service upon plaintiff's attorney. However, the delivery service did not serve the motion until four days after expiration of the ten day period for filing and serving a motion for a new trial. We concluded that "[t]here was substantial compliance by the hospital's attorney when the motion was timely filed and on the same day a copy of the motion was entrusted to an independent delivery service to effect delivery[,]" and that "[u]nder these circumstances, the interests of justice require[d] that the motion be heard on its merits, rather than being dismissed on technical grounds." Id. at 482, 571 A.2d 1006. In Mayfield v. Community Med. Assocs., 335 N.J.Super. 198, 762 A.2d 237 (App.Div.2000), a plaintiff in a medical malpractice action filed an "affidavit of merit" within the sixty day period following the filing of defendant's answer prescribed by N.J.S.A. 2A:53A-27, but due to the inadvertence of counsel, failed to make service upon defense counsel until almost a year later. We concluded that the timely filing of the affidavit of merit, in conjunction with service of an unsworn expert report upon defendant within the statutory period, constituted substantial compliance. Id. at 210, 762 A.2d 237.
Moreover, this court has held that the substantial compliance doctrine applies to the filing requirement of Rule 4:21A-6(b)(1). *711 In Gerzsenyi v. Richardson, 211 N.J.Super. 213, 511 A.2d 699 (App.Div. 1986), plaintiff's counsel mailed a demand for a trial de novo one day before expiration of the thirty day period, but the notice was not received and filed by the clerk until the next business day after expiration of the period. Nevertheless, we concluded that "[s]ubstantial compliance with the filing limitation is evident from the facts in this case[.]" Id. at 217, 511 A.2d 699. Because the substantial compliance doctrine may be invoked even in connection with the filing of a demand for a trial de novo, which is a statutory requirement, see Hartsfield v. Fantini, 149 N.J. 611, 615-16, 695 A.2d 259 (1997), it is even clearer that the doctrine applies to service of the demand upon the other parties to the action, which is only required by court rule.[3]
A party asserting substantial compliance with the requirements of a statute or court rule must show:
(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute.
[Alan J. Cornblatt, P.A. v. Barow, supra, 153 N.J. at 239, 708 A.2d 401 (quoting Bernstein v. Board of Trs. of Teachers' Pension & Annuity Fund, 151 N.J.Super. 71, 76-77, 376 A.2d 563 (App.Div.1977)).]
We are satisfied that defendant has made this showing. Plaintiffs have not suggested that they were prejudiced by the service of the demand for a trial de novo upon their former attorney. The demand was filed in a timely manner, and a few days later, the arbitration administrator sent a notice, dated March 14, 2000, scheduling the trial de novo for May 15, 2000. Thus, the trial date was not affected by service of the demand upon plaintiffs' former attorney rather than upon Mr. Cohan. Moreover, even if Mr. Cohan did not receive the trial notice before expiration of the thirty day period on March 20, 2000, he admittedly was made aware of the demand within a few days thereafter, and thus had ample time to prepare for trial. It is also clear that defendant took a "series of steps" to comply with N.J.S.A. 2A:23A-26 and Rule 4:21A-6(b)(1) by both filing and serving its demand within the prescribed thirty day time, and that those actions constituted "general compliance with the purpose of the statute[,]" Cornblatt, supra, 153 N.J. at 239, 708 A.2d 401, which is to require a prompt demand for a trial de novo in cases subject to mandatory arbitration, see Hartsfield v. Fantini, supra, 149 N.J. at 616-17, 695 A.2d 259. Moreover, even if plaintiffs did not receive notice of defendant's demand for a trial de novo until a few days after expiration of the thirty day period, the notice they received was "reasonable" because it afforded plaintiffs an adequate opportunity to prepare for trial.
Finally, defendant provided a "reasonable explanation" for its failure to strictly comply with the service requirement. Even if defendant's counsel received a fully executed and filed substitution of attorney in April 1999, it is easy to understand how a secretary assigned responsibility for serving a copy of a demand for a trial de novo could mistakenly mail the document to a party's original attorney, whose name would appear on the first pleading and *712 probably also the cover of the case file. Such a clerical mistake would not reflect the same "lack of proper diligence" as an attorney's failure to review his litigation diary to ensure the timely filing of a demand for a trial de novo that the Court condemned in Hartsfield, supra, 149 N.J. at 618-19, 695 A.2d 259. Instead, it would be similar to an attorney entrusting responsibility for timely service of a motion for new trial upon a delivery service, which fails to make service within the time prescribed by the court rules, that we found to constitute substantial compliance in Stegmeier v. St. Elizabeth Hosp., supra, 239 N.J.Super. at 481-82, 571 A.2d 1006; see also Gerzsenyi v. Richardson, supra, 211 N.J.Super. at 217, 511 A.2d 699.
Accordingly, the order rejecting defendant's demand for a trial de novo is reversed and the case is remanded for trial.
NOTES
[1] The statute only mandates arbitration where the amount in controversy does not exceed $20,000. N.J.S.A. 2A:23A-20(a). The court rule previously contained the same limitation, but was amended, effective September 5, 2000, to eliminate any monetary limit on the cases subject to mandatory arbitration. See generally Pressler, Current N.J. Court Rules, comment 5 on R. 1:1-2 (2000).
[2] The statute governing the arbitration of automobile negligence actions contains a similar section, N.J.S.A. 39:6A-31.
[3] We note that the time periods set forth in Rule 4:21A are subject to enlargement. See R. 1:3-4(a),(c).