**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0088-19

KAREN TUCKER,

     Plaintiff-Appellant,

v.

OPAL STOCKWELL,

     Defendant-Respondent.

_____

           Submitted March 17, 2021 – Decided April 14, 2021

           Before Judges Alvarez and Mitterhoff.

           On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1556-17.

           Karen Tucker, appellant pro se.

           Law Office of Debra Hart, attorneys for respondent (Emma K. Bradley, of counsel and on the brief).

PER CURIAM

Plaintiff Karen Tucker appeals from a July 26, 2019 order denying her motion to vacate dismissal and reinstate her complaint. Having reviewed the record, and considering the applicable law, we affirm.

We discern the following facts from the record. At approximately 11:30 a.m. on November 28, 2016, plaintiff was stopped at an intersection in Voorhees Township, New Jersey. Defendant Opal Stockwell observed plaintiff slow down and stop. Defendant attempted to brake but was unable to stop in time and subsequently rear-ended plaintiff's vehicle.

On April 12, 2017, plaintiff, who was represented by counsel, filed a complaint alleging negligence against defendant. Plaintiff included a certificate of permanency from Dr. Uplekh Purewal, N.J.S.A. 39:6A-8(a). Dr. Purewal opined that, as a result of the motor vehicle accident, plaintiff sustained permanent and serious injuries including a C2-3 and C6-7 disc herniation as well as disc bulges at C3-4, C5-6, C6-7, C7-T1, L3-4, and L4-5.

Mandatory non-binding arbitration was scheduled for March 26, 2019. On that date, the arbitrators issued an award finding that, although defendant was wholly liable for the rear-end collision, plaintiff failed to satisfy the verbal tort threshold and accordingly issued a no cause for action determination. Both parties' counsel signed the arbitration award.

2

On March 28, 2019, plaintiff's counsel sent her a letter informing her that he would not appeal the arbitration award. It is unclear from the record whether plaintiff's counsel had her consent to make that decision.[1] Thereafter, plaintiff's counsel did not file a timely demand for a trial de novo within thirty days as required under Rule 4:21A-6(b)(1) and N.J.S.A. 2A:23A-26. On April 26, 2019, thirty-one days after the arbitration decision was filed, plaintiff attempted to file a pro se demand for a trial de novo.[2] Her pro se filing, however, was rejected because she was still represented by counsel.

On April 29, 2019, defendant moved to confirm the arbitration award as a judgment, R. 4:21A-6(b)(3). Although served with notice of the application, plaintiff's counsel did not oppose the motion to confirm the arbitration award. Indeed, plaintiff's attorney appeared at the hearing and indicated he did not oppose the application. Following oral argument,[3] Judge Daniel A. Bernardin

---

[1] The issue whether plaintiff's counsel had a duty to file a demand for a trial de novo is not before us. Regardless, we do not have the requisite documentation in the record, such as the retainer agreement or the motion papers underlying the motion to withdraw, to properly assess that issue. The only issue now before us is whether the judge erred in denying plaintiff's motion to vacate dismissal and reinstate the complaint.

[2] The demand for a trial de novo was received on April 29, 2019.

[3] Before oral argument, but after the thirty-day period had elapsed, plaintiff's counsel filed a motion to withdraw.

issued an order confirming the arbitration award. Two weeks later, Assignment Judge Deborah Silverman Katz granted plaintiff's counsel's motion to withdraw in an effort to preserve plaintiff's right to move to reconsider Judge Bernardin's decision.

Plaintiff then filed a pro se motion to vacate dismissal and reinstate her complaint against defendant. Judge Bernardin, relying on his previous decision, denied plaintiff's motion and issued an accompanying order. This appeal ensued.

N.J.S.A. 39:6A-25(a) mandates arbitration in certain automobile negligence cases. The Legislature made clear that the "purpose and intent of this [statute] is to establish an informal system of settling tort claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burden and congestion of the State's courts." N.J.S.A. 39:6A-24.

Rule 4:21A-6 states in pertinent part:

> (b) Dismissal. An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
>
> > (1) within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule; or . . .

A-0088-19

(3) within 50 days after the filing of the arbitration award, any party moves for confirmation of the arbitration award and entry of judgment thereon.

This requirement is also statutorily mandated. See N.J.S.A. 2A:23A-26; see also N.J.S.A. 39:6A-31. "The Legislature intended . . . [N.J.S.A. 2A:23A-26] to be strictly enforced." Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995) (citation omitted). "The express language of R. 4:21A-6(b)(1) provides that both filing and service of the demand must be accomplished within thirty days of the entry of an arbitration award." Jones v. First Nat. Supermarkets, Inc., 329 N.J. Super. 125, 127 (App. Div. 2000) (citation omitted).

In Mazakas v. Wray, we noted that "courts do possess the power to enlarge" the thirty-day period to file a demand for a trial de novo, "but that such power should be exercised only in extraordinary circumstances." 205 N.J. Super. 367, 371 (App. Div. 1985). In that regard, "the arbitration process, once accomplished, should ordinarily bring about an end to the litigation when neither party has made a timely motion for a trial de novo." Ibid. A "trial court's express and inherent power to relax rules and grant equitable relief must be sparingly exercised with a view to implementing both the letter and the spirit of the

5

compulsory arbitration statute and the rules promulgated pursuant thereto, to the end that the arbitration proceedings achieve finality." Id. at 372.

We have commented on the import of the "integrity of the arbitration process and enforceability of arbitration awards." Behm v. Ferreira, 286 N.J. Super. 566, 574 (App. Div. 1996). There, we emphasized the propriety of strict interpretation of the "extraordinary circumstances" standard:

> If a party could set aside [an] arbitration award and obtain a trial de novo whenever his or her attorney neglected to file for a trial de novo within time solely because of a clerical error or failure to note or advise the client of the thirty-day requirement to file for a trial de novo, there would be an open door which would render the thirty-day time limit of R. 4:21A-6(b)(1) meaningless. Such a relaxation of the rule "thwarts the effectiveness of a valid arbitration."
>
> [Ibid. (quoting Sprowl v. Kitselman, 267 N.J. Super. 602, 610 (App. Div. 1993)).]

"To relax the thirty-day rule, courts must determine that 'extraordinary circumstances' exist and that those circumstances did not arise from an attorney's 'mere carelessness' or 'lack of proper diligence.'" Hartsfield v. Fantini, 149 N.J. 611, 618 (1997) (citing In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)).

In this case, plaintiff's counsel is not claiming he inadvertently missed the filing deadline. Rather, well aware of the time constraints, he made the deliberate decision not to file a demand for a trial de novo within the thirty-day

6

period required under Rule 4:21A-6(b)(1). Plaintiff's counsel was also cognizant of the fact that failure to do so would result in the permanent dismissal of her complaint. With no demand for a trial de novo filed, defendant's counsel moved to confirm the arbitration award. Plaintiff's counsel appeared but did not oppose the motion to confirm the arbitration award. Plaintiff's untimely pro se filing was ultimately rejected because she was still represented by counsel.[4] The unambiguous thirty-day period of Rule 4:21A-6(b)(1) and N.J.S.A. 2A:23A-26, coupled with the legislative intent that it be strictly enforced, Hart, 280 N.J. Super. at 147 (citation omitted), compels us to affirm Judge Bernardin's decision denying plaintiff's motion to vacate dismissal and reinstate the complaint.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] It is unknown what would have transpired had plaintiff's counsel withdrawn before plaintiff filed her pro se trial de novo request one day late.

A-0088-19