**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2483-19

JUAN CABRERA and PATRICIA
RODRIGUEZ,

     Plaintiffs-Appellants,

v.

NIA HALL,

     Defendant-Respondent,

and

SAMUEL ALPERT,
EAN HOLDINGS, LLC,
ENTERPRISE HOLDINGS, INC.,
ENTERPRISE RENT-A-CAR,
ALAMO RENT-A-CAR, and
NATIONAL CAR RENTAL,

     Defendants.

_____

Argued August 2, 2021 – Decided August 12, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2119-17.

Casandra DeStefano argued the cause for appellant Juan Cabrera (Law Offices of Jef D. Henninger, attorneys; Jef D. Henninger, on the brief).

Marc R. Jones argued the cause for respondent Nia Hall (Cipriani & Werner, PC, attorneys; Matthew K. Mitchell and Marc R. Jones, on the brief).

PER CURIAM

Plaintiffs Juan Cabrera and Patricia Rodgriquez[1] appeal from a January 10, 2020 order denying a motion to file a late demand for a trial de novo from an April 23, 2019 arbitration award. We affirm.

Plaintiff was injured in a multi-car collision on June 5, 2015. Plaintiff filed a personal injury action seeking damages for injuries he sustained in the accident. Defendants filed answers, and the parties exchanged discovery. After the close of discovery, defendants, with the exception of defendant Nia Hall (Hall), moved for summary judgment. Defendant Samuel Alpert and the rental car defendants were granted summary judgment by orders dated May 24, 2019.[2]

---

[1] Patricia Rodriguez, the wife of Juan Cabrera, asserted a per quod claim as a result of injuries sustained by her husband in the June 5, 2015 motor vehicle accident. We use plaintiff to refer to the direct claims assert by Juan Cabrera.

[2] The summary judgment orders are not the subject of this appeal.

Because the matter was subject to the verbal threshold limitation of lawsuit elected by plaintiff in his automobile insurance policy, N.J.S.A. 39:6A-8, mandatory automobile arbitration was scheduled for April 23, 2019. Plaintiff was self-represented at the arbitration.[3] The arbitrators found Hall one hundred percent responsible for the accident. However, based on the lack of medical documentation proffered in support of plaintiff's personal injury claim, the arbitrators had "no choice but to enter a no cause of action." To obtain an award of damages, plaintiff needed to demonstrate he sustained permanent injuries sufficient to overcome the verbal threshold limitation on lawsuit option.

At the conclusion of the hearing, plaintiff signed the "report and award of arbitrator(s)." Above the signature line, plaintiff received written notice rejection of the arbitration award required the filing of "a trial de novo request together with a $200 fee within thirty (30) days of today." The arbitrators also reiterated the thirty-day deadline to file a demand for a trial de novo if plaintiff was dissatisfied with the arbitration decision.

In seeking to file a late demand for a trial de novo, plaintiff claimed he was represented by a new attorney at the time of the arbitration. He argued his

---

[3] Plaintiff's attorney withdrew as counsel prior to the arbitration based on plaintiff's rejection of the recommended settlement offer and decision to proceed to trial.

A-2483-19

new attorney possessed his medical records. However, at no time prior to the arbitration did plaintiff request an adjournment of the hearing so his new counsel could appear. Nor was there a substitution of attorney filed reflecting new counsel prior to the arbitration date.

According to the record on appeal, plaintiff retained new counsel on May 7, 2019, fourteen days after completion of the arbitration hearing.[4] In addition, the appellate record reflects plaintiff's prior counsel provided the personal injury file to plaintiff according to a receipt signed on April 5, 2019. Despite having his litigation file eighteen days before the arbitration hearing, plaintiff failed to explain why he could not produce medical records in support of his injury claims.

Plaintiff knew he had thirty days from the April 23, 2019 arbitration hearing to file a demand for a trial de novo, and the filing deadline expired on May 23, 2019. Because plaintiff retained new counsel on May 7, 2019, he had

---

[4] For the first time on appeal, plaintiff suggests his new attorney failed to appear at the arbitration hearing, resulting in eventual disbarment in the State of New York in March 2020. However, counsel's disbarment was unrelated to plaintiff's personal injury case and occurred nearly one year after the arbitration. Because plaintiff failed to raise this argument to the motion judge, we decline to address it. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)) (declining to address arguments not presented to the trial court unless the matters "go to the jurisdiction of the trial court or concern matters of great public interest").

ample time to discuss the arbitration decision with his new attorney and file a trial de novo before the thirty-day period lapsed. There is nothing in the record evidencing an effort by plaintiff or his newly retained attorney to file a timely demand for a trial de novo.

Based on plaintiff's failure to file a trial de novo, on May 28, 2019, Hall filed a motion to confirm the arbitration award. During the pendency of the motion, plaintiff removed the case to federal court, which deprived the New Jersey Superior Court judge of jurisdiction to decide Hall's motion. In a December 20, 2019 order, the federal court remanded the case to the New Jersey Superior Court. In January 2020, after the case returned to the Superior Court, Hall refiled her motion to confirm the arbitration award. Plaintiff, still self-represented, moved to permit the late filing of a demand for a trial de novo.

After hearing the parties' arguments, in separate January 10, 2020 orders, the motion judge denied plaintiff's motion and granted Hall's motion. The motion judge allowed plaintiff considerable leeway in raising arguments without any evidentiary support. Specifically, plaintiff claimed his lawyers "lied to him" and defense counsel paid his attorneys to forego legal action on his behalf.

A-2483-19

The judge noted plaintiff "had multiple attorneys throughout this matter, each attorney at some point either withdrawing from representation or otherwise being terminated." The judge also stated:

> The [c]ourt has little discretion with respect to enforcing the requirement that any rejection of an arbitration award be filed within 30 days of the arbitration. Plaintiff's unhappiness with counsel he sought to retain . . . doesn't legally excuse the failure to file the trial de novo request within the 30 day period.
>
> . . . .
>
> Accepting everything that the plaintiff says as true, the plaintiff here still cannot satisfy the extraordinary circumstances standard set forth by the New Jersey Supreme Court. Plaintiff was aware of the arbitration result but failed to take any action to reject that decision within the 30 day period permitted under the court rules.

Represented by counsel on appeal, plaintiff argues the arbitration should be vacated because his "previous attorney's failure to file an appearance . . . constitute[d] an 'extraordinary circumstance' warranting relief pursuant to Rule 4:21A." We disagree.

Because this appeal involves the interpretation of the court rules governing arbitration, our review is de novo. Vanderslice v. Stewart, 220 N.J. 385, 389 (2015). We note N.J.S.A. 39:6A-25(a) mandates arbitration in certain

automobile personal injury cases. Our court rules address the procedural requirements associated with mandatory arbitration. Rule 4:21A-6 provides:

> An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
>
> (1) within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule; or
>
> . . . .
>
> (3) within 50 days after the filing of the arbitration award, any party moves for confirmation of the arbitration award and entry of judgment thereon.

The timing for challenges to an arbitration award is mandated by statute as well as court rule. See N.J.S.A. 2A:23A-26; N.J.S.A. 39:6A-31. "The Legislature intended [N.J.S.A. 2A:23A-26] to be strictly enforced." Hartsfield v. Fantini, 149 N.J. 611, 616 (1997) (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)). See also Jones v. First Nat'l Supermarkets, Inc., 329 N.J. Super. 125, 127 (App. Div. 2000) (citing Stegmeier v. St. Elizabeth Hosp., 239 N.J. Super. 475 (App. Div. 1990)) ("The express language of R. 4:21A-6(b)(1) provides that both filing and service of the demand must be accomplished within thirty days of the entry of an arbitration award.").

Although courts "possess the power to enlarge" the thirty-day period to file a demand for a trial de novo, "such power should be exercised only in extraordinary circumstances." Mazakas v. Wray, 205 N.J. Super. 367, 371 (App. Div. 1985). A "trial court's express and inherent power to relax rules and grant equitable relief must be sparingly exercised with a view to implementing both the letter and the spirit of the compulsory arbitration statute and the rules promulgated pursuant thereto, to the end that the arbitration proceedings achieve finality." Id. at 372.

Here, plaintiff attended the arbitration. The arbitrators explained a demand for a trial de novo must be filed within thirty days of issuance of the arbitration award. In addition, plaintiff signed the arbitration award, which expressly stated the thirty-day filing period for a trial de novo. Plaintiff failed to take any action regarding the arbitration award within the required thirty-day period. Further, he articulated no extraordinary circumstances justifying the late filing of a demand for a trial de novo. Even on appeal, plaintiff failed to set forth extraordinary circumstances preventing his timely filing of a trial de novo.

Plaintiff argues the statutory laws and court rules should be relaxed to protect self-represented litigants and allow them their day in court. However, self-represented litigants are bound by the same laws and rules of court as parties

8

represented by counsel.  See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014).  Likewise, self-represented litigants are held to the same standard for compliance with our court rules as attorneys.  See Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982).

Plaintiff had his day in court at the arbitration hearing.  He chose to represent himself at arbitration rather than seek an adjournment of the proceeding.  Plaintiff's dissatisfaction with the "no cause" arbitration award was not a basis for the late filing of a request for a trial de novo.  Plaintiff has only himself to blame for the dismissal of his claim.

Applying the unequivocal thirty-day period to file a trial de novo under Rule 4:21A-6(b)(1), coupled with the legislative intent of N.J.S.A. 2A:23A-26 strictly enforcing that time period, we affirm the motion judge's order denying plaintiff's motion to file an untimely trial de novo.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2483-19