746 A.2d 1072

RICHARD JONES AND JANET JONES, PLAINTIFFS–RESPON-
DENTS, v. FIRST NATIONAL SUPERMARKETS, INC. (D/B/A
EDWARDS SUPER FOOD STORES), BEATRICE DIENER, S.O.S.
MAINTENANCE COMPANY, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted February 29, 2000—Decided March 13, 2000.

Before Judges PRESSLER, KIMMELMAN and ARNOLD.

*Methfessel & Werbel,* attorneys for appellants (*Eric L. Harrison,* on the brief).

*Peter M. Rozano,* attorney for respondents.

The opinion of the court was delivered by

ARNOLD, J.S.C. (temporarily assigned).

Defendants First National Supermarkets, Inc. d/b/a Edwards Super Food Stores, Beatrice Diener, and S.O.S. Maintenance Company appeal from an order entered by the trial court on February 25, 1999, confirming an arbitration award because defendants did not serve plaintiffs with a demand for a trial *de novo* within thirty days as required by *R.* 4:21A–6. We affirm.

On November 20, 1996, plaintiff Janet Jones allegedly fell in a Foodtown Supermarket and was injured. Suit was filed, issue joined and the matter arbitrated on November 5, 1998. The arbitrator entered a net award of $16,000 in favor of plaintiffs. On December 1, 1998, defendants sent a trial *de novo* demand to the court for filing. It was timely filed (within thirty days after filing of the arbitration award) by the civil division manager on December 3, 1998. However, it is now undisputed that the *de novo* demand was not mailed to plaintiffs' counsel until December 9, 1998, thirty-four days after the award. It was received by plaintiffs' counsel on December 10, 1998. The next day, December 11, 1998, plaintiffs filed a motion to confirm the arbitration award. On January 8, 1999 that motion was denied; but, on February 5, 1999 on reconsideration, the motion was granted by the trial court and the arbitration award was confirmed.

*R.* 4:21A–6 governs a demand for a trial *de novo.* It provides:

(b) Dismissal. An order shall be entered dismissing the action following the filing of an arbitrator's award unless:

(1) within 30 days of the filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice or rejection of the award and demand for a trial *de novo* . . . .

In *Hartsfield v. Fantini*, 149 *N.J.* 611, 695 *A.*2d 259 (1997), and *Wallace v. JFK Hartwyck at Oak Tree*, 149 *N.J.* 605, 695 *A.*2d 257 (1997), the Supreme Court held that the *de novo* demand must be filed with the civil division manager within thirty days in the absence of extraordinary circumstances which do not include excusable neglect. Defendants contend that this does not mean that the *de novo* demand must be served on all other parties within thirty days. We disagree. The express language of *R.* 4:21A–6(b)(1) provides that both filing and service of the demand must be accomplished within thirty days of the entry of an arbitration award. *See Stegmeier v. St. Elizabeth Hospital,* 239 *N.J.Super.* 475, 571 *A.*2d 1006 (App.Div.1990) (observing that the express language of *R.* 4:49–1(b) requires that filing and service of a motion for a new trial be effected within ten days of the return of the verdict and finding substantial compliance in giving a copy of the motion to a messenger service for delivery on the tenth day). *See also State v. Newman,* 36 *N.J.Super.* 506, 116 *A.*2d 585 (App.Div.1955); *R.* 1:6–3. We hold that the requirement of service should be strictly enforced as was the filing requirement in both *Hartsfield, supra,* and *Wallace,* supra.

Affirmed.