824 A.2d 264 (2003)
361 N.J. Super. 127
FLETT ASSOCIATES, Plaintiff-Respondent,
v.
S.D. CATALANO, INC., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 2003.
Decided June 11, 2003.
Bruce M. Sattin, Bordentown, argued the cause for appellant (Szaferman, Lakind, Blumstein, Blader, Lehmann & Goldshore, attorneys; Mr. Sattin, on the brief).
John W. O'Brien argued the cause for respondent (Nolan & Associates, attorneys; Mr. O'Brien, on the brief).
Before Judges SKILLMAN, CUFF and WINKELSTEIN.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
This appeal requires us to determine the standard that governs a motion for relaxation of the thirty-day period allowed under Rule 4:21A-6(b)(1) for service of a trial de novo demand when the demand has been filed in a timely manner.
Plaintiff Flett Associates brought this action for the recovery of $28,343.31 in fees for engineering services provided to defendant S.D. Catalano. Defendant filed a counterclaim seeking damages for alleged deficiencies in the work plaintiff performed and for defamation.
*265 The case was arbitrated in accordance with Rule 4:21A-1(a)(3), resulting in an award in plaintiff's favor for $22,564.50 rendered on January 7, 2002. Defendant subsequently authorized its counsel to file a demand for a trial de novo.
Defendant's counsel prepared the demand and instructed his secretary to file it with the court and serve plaintiff. The secretary sent the demand to the clerk by overnight mail on the afternoon of February 4, 2002, and the demand was filed on February 6, 2002, within the thirty-day period allowed under Rule 4:21A-6(b)(1). The secretary intended to serve the demand upon opposing counsel the next morning by fax and regular mail. However, she fell that evening, suffering a broken wrist which required surgery and kept her out of work for more than a month. As a result, the secretary failed to send the demand to plaintiff's counsel. She also failed to inform the attorney who had instructed her to serve the demand that she had not done so.
On February 19, 2002, defendant's counsel received a trial notice from the court setting an April 8, 2002 trial date. The next day, defendant's counsel received a motion by plaintiff for confirmation of the arbitration award. He became aware in a subsequent telephone conversation with plaintiff's counsel that the trial de novo demand had not been served. Consequently, on February 21, 2002, defendant's counsel served a copy of the demand upon plaintiff's counsel. However, plaintiff's counsel refused to withdraw his motion for confirmation of the award.
The trial court concluded in an oral opinion that it was compelled by existing case law to grant plaintiff's motion for confirmation of the arbitration award. Although expressing a "personal" opinion that "this case screams out for relief and relaxation of this Draconian rule" based on the secretary's "unfortunate accident," the court felt it lacked authority to grant such relief.
Rule 4:21A-6(b)(1) provides:
An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
(1) within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule.
Rules 4:21A-1 to -8 were originally adopted in 1986 to implement the provisions of N.J.S.A. 39:6A-24 to -35 which mandate arbitration of certain automobile negligence cases. The rules were comprehensively amended in 1989 to apply also to the arbitration of personal injury cases where the amount in controversy is $20,000 or less, in which arbitration is mandated by N.J.S.A. 2A:23A-20 to -30. Pressler, Current N.J. Court Rules, comment 1 on R. 4:21A (2003).[1]Rule 4:21A-6(b)(1) implements N.J.S.A. 39:6A-31 and N.J.S.A. 2A:23A-26, which provide that unless one of the parties to the arbitration demands a trial de novo "within 30 days of the filing of the arbitration decision," the trial court shall confirm the award upon motion.
In Hartsfield v. Fantini, 149 N.J. 611, 695 A.2d 259 (1997) and Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 695 A.2d 257 (1997), the Court held that the thirty-day period for filing a demand for a trial de novo may be relaxed only upon a showing of "extraordinary circumstances." *266 The Court also held that "an attorney's failure to supervise staff or heavy workload" are "insufficient to satisfy the `extraordinary circumstances' requirement." Hartsfield, supra, 149 N.J. at 619, 695 A.2d 259.
Neither the Supreme Court nor this court has been squarely confronted with the question whether this "extraordinary circumstances" standard also applies to a motion for relaxation of the thirty-day period for service of a trial de novo demand. Plaintiff relies upon a sentence in Jones v. First Nat'l Supermarkets, Inc., 329 N.J.Super. 125, 127, 746 A.2d 1072 (App. Div.), certif. denied, 165 N.J. 132, 754 A.2d 1209 (2000), which states: "We hold that the requirement of service should be strictly enforced as was the filing requirement in both Hartsfield, supra, and Wallace, supra." However, the party seeking a trial de novo in Jones did not offer any excuse whatsoever for failing to serve the demand in a timely manner. Consequently, the only question presented by that appeal was whether "the de novo demand must be served on all other parties within thirty days." Ibid. In answering this question, the court correctly observed that "[t]he express language of R. 4:21A-6(b)(1) provides that both filing and service of the demand must be accomplished within thirty days of entry of an arbitration award." Ibid. Similarly, in Woods v. Shop-Rite Supermarkets, Vill. Supermarkets, Inc., 348 N.J.Super. 613, 618, 792 A.2d 558 (App.Div.), certif. denied, 174 N.J. 38, 803 A.2d 634 (2002), the party seeking a trial de novo did not provide "any explanation for the failure to serve the demand ... upon defendant." Consequently, we were not required in either Jones or Woods to determine the standard that governs a court's review of a motion for relaxation of the thirty-day period for service of a trial de novo demand.
Our decision in Corcoran v. St. Peter's Med. Ctr., 339 N.J.Super. 337, 771 A.2d 707 (App.Div.2001), provides some guidance in determining the appropriate standard. After bringing a personal injury action, the plaintiffs in Corcoran filed a substitution of attorney and thereafter defendant's attorney dealt exclusively with plaintiff's new attorney of record. Id. at 339, 771 A.2d 707. Ten months later, an arbitration was held. Within thirty days of the award, defendant's attorney filed and served a demand for a trial de novo. However, his secretary mistakenly served the demand upon plaintiffs' original attorney. Ibid. As a result, plaintiffs did not receive notice of defendant's demand until after expiration of the thirty-day period allowed under Rule 4:21A-6(b)(1). Id. at 344, 771 A.2d 707. Although we characterized the secretary's service of the demand on the wrong attorney as a "clerical mistake," we held that her action constituted substantial compliance with the service requirement. Ibid.
In concluding that the requirement of service of a trial de novo demand can be satisfied by substantial compliance, we noted that the courts of this State have applied the substantial compliance doctrine in various other contexts "where a party files a pleading or other court document in a timely manner, but fails to make service in strict accordance with the governing court rule or statute." Id. at 342, 771 A.2d 707. We also noted that unlike the requirement that the trial de novo demand be filed within thirty days, which is mandated by statute, the requirement of service is solely a matter of court rule. Id. at 343, 771 A.2d 707.
Although the substantial compliance doctrine does not apply in this case because the secretary for defendant's attorney did not take any steps to serve the trial de novo demand, Corcoran shows that *267 our courts extend some latitude in enforcement of the service requirement of Rule 4:21A-6(b)(1) in cases where the demand has been filed within the allowed thirty-day period. It also shows that even a "clerical mistake" may provide a sufficient basis for a court declining to strictly enforce the service requirement if there is a "reasonable explanation" for the mistake. Id. at 344, 771 A.2d 707.
Rule 1:3-4(a) confers general authority upon the trial and appellate courts to enlarge the time allowed for taking action under the court rules. Although certain time periods are not subject to such enlargement, R. 1:3-4(c), the thirty-day period for service of a trial de novo demand under Rule 4:21A-6(b)(1) is not one of those time periods. Therefore, Rule 1:3-4(a) provides the requisite authority for a trial court to enlarge this time period.
Rule 1:3-4(a) does not contain any explicit standard for a court granting an enlargement of time. However, unless there is an overriding policy consideration that requires a stricter standard, an application for an enlargement or extension of the time for taking action under a court rule is governed by a more liberal standard than "extraordinary circumstances," such as the "interests of justice" or "good cause." See, e.g., R. 4:69-6(c) (time for filing an action in lieu of prerogative writs may be enlarged "where it is manifest that the interest of justice so requires"); R. 4:73-6(a) (time for filing notice of appeal from award of condemnation commissioners may be extended for not more than thirty days "for good cause shown"); R. 2:4-4(a) (time for filing appeal of final judgment or final agency action may be extended for up to thirty days "upon a showing of good cause and the absence of prejudice"). Moreover, the general rule governing relaxation of the requirements of the court rules, Rule 1:1-2, provides that "any rule may be relaxed ... if adherence to it would result in an injustice." Thus, it is appropriate to consider the policy that underlies the time requirement of a particular court rule in determining the standard that should govern a motion under Rule 1:3-4(a) for an enlargement of time.
In Hartsfield, the Court concluded that the legislative policy of preserving judicial resources by promoting arbitration of personal injury actions required application of an "extraordinary circumstances" standard to an application for relaxation of the thirty-day period for filing a trial de novo demand. 149 N.J. at 618, 695 A.2d 259. However, there is no need for application of this same stringent standard to an application for relaxation of the time for service of the demand. We note that once a party files a timely demand, the clerk of the court will promptly schedule the case for trial and notify the parties of the trial date: for example, the clerk sent out a trial notice in this case less than two weeks after the trial de novo demand was filed. Consequently, even though Rule 4:21A-6(b)(1) requires both filing and service of a trial de novo demand to be made within thirty days, a delay in satisfaction of the service requirement does not have the same deleterious effect upon efficient administration of the arbitration program as a failure to file the demand within time. Therefore, we conclude that the requirement that a trial de novo demand be served within thirty days may be relaxed upon a showing of good cause and the absence of prejudice.
Plaintiff does not question the veracity of the affidavit submitted by the secretary to defendant's attorney, which certifies that she prepared a copy of the trial de novo demand with the intention of mailing it to plaintiff's attorney the morning after she sent it to the clerk for filing, *268 but that she was unable to do so because she suffered a broken wrist that evening which kept her out of work for more than a month. Although defendant's attorney should have spoken with his secretary after the accident and carefully examined her desk and files to determine whether she had been working on any matters that had to be attended to before her return, the secretary's accident was an unusual circumstance which we believe provides the requisite good cause for relaxation of the service requirement of Rule 4:21A-6(b)(1). Since defendant filed the demand for a trial de novo in a timely manner, and the clerk scheduled the case for trial in the ordinary course, the delay in service did not result in a delay of the trial. The only prejudice plaintiff claims as a result of defendant's failure to serve the demand at the same time it was sent to the court for filing is the cost of preparation of the motion to confirm the arbitration award. However, this can be adequately addressed by requiring defendant to pay the cost of preparation of plaintiff's motion. See Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 N.J.Super. 228, 233, 793 A.2d 139 (App.Div.2002).
Accordingly, the order confirming the arbitration award is reversed and the case remanded to the trial court to schedule a new trial date. Defendant is directed to pay the reasonable cost of preparation of the motion for confirmation of the arbitration award.
NOTES
[1] These rules were further amended in 2000 as part of the "Best Practices" rule amendments. See Pressler, Current N.J. Court Rules, comment 1 on R. 4:21A (2003). The 2000 amendments to Rules 4:21A-1 to 8 are not implicated in this appeal.