887 A.2d 203 (2005)
381 N.J. Super. 593
Luis M. NASCIMENTO and Monica Pegado, Plaintiffs-Respondents,
v.
Mary KING and Richard King, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 2005.
Decided December 15, 2005.
Joseph P. LaSala argued the cause for appellants (McElroy, Deutsch, Mulvaney & Carpenter, attorneys; Mr. LaSala, of counsel; Joshua A. Zielinski, Morristown, on the brief).
Jeffrey Campisi argued the cause for defendants (Sharkey & Campisi, attorneys; *204 Gregory G. Campisi, Roseland, of counsel; Jeffrey Campisi, on the brief).
Before Judges COBURN, LISA and S.L. REISNER.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
This case presents an issue of substantial compliance with the requirement that a demand for a trial de novo, following nonbinding arbitration, be served within thirty days after the arbitration award. R. 4:21A-6(b)(1). The trial court confirmed an arbitration award in plaintiffs' favor, based on a finding that defendants' counsel failed to serve plaintiffs' counsel with a copy of the demand notice. Based on the undisputed facts of record, we conclude that defendants substantially complied with the rule, and we therefore reverse and remand this case for trial.

I
Plaintiffs filed a personal injury lawsuit against defendants in 2002. The case was submitted to mandatory nonbinding arbitration which resulted in an award of $336,000 in plaintiffs' favor. The award was issued on July 29, 2004. On August 23, 2004, defendants' law firm, Cullen and Dykman Bleakley Platt LLP (Cullen firm), mailed a de novo demand to the court for filing; it was received and filed on August 26, 2004.
According to the certification of service filed with the court, and according to her deposition testimony, Peggy M. Shulman, a secretary in the Cullen firm, also mailed a copy of the demand to plaintiffs' counsel, Sharkey & Campisi, on August 23, 2004. At her deposition, Shulman testified that she personally mailed the envelope in a mailbox outside the Cullen firm's law office.
According to certifications filed by plaintiffs' counsel Gregory Campisi and Jeffrey Campisi, they never received the de novo demand, although they were vigilantly watching the mail to see if a demand would arrive. Instead, during the week of August 23, 2004, Jeffrey Campisi received a deposition notice from the Cullen firm. Instead of calling the Cullen firm to inquire about this notice, he and his partner waited until the thirty day time limit for filing the de novo demand had passed and then called the court on September 2, 2004, to ask whether a demand had been filed. According to Gregory Campisi, when he called the civil arbitration office, Charmin Lyons of that office advised him that a demand had been filed on August 26, 2004. She also faxed him a copy of the demand, the cover letter, and Shulman's certification of service. On September 3, 2004, plaintiffs' counsel filed a motion to confirm the arbitration award, premised on the assertion that, although the de novo demand was timely filed, they had not been served with it.
Defendants filed opposition to the motion, supported by a certification from a Cullen firm attorney, Kenneth Farina, attesting that the demand had been served on plaintiffs' counsel.[1] On the return date of plaintiffs' motion, the judge directed that Shulman be deposed.
At that deposition, Shulman testified unambiguously that she had been specifically assigned to file and serve the de novo demand, and she described in detail the steps she followed in mailing the notice to the court and in mailing the notice to *205 plaintiffs' counsel. When asked to respond to a certification of plaintiff's counsel asserting that defense counsel did not serve the notice on plaintiff counsel's firm, she indicated that that statement was inaccurate:
Q. Why do you believe that is inaccurate?
A: Because I served it myself.
Q: You served the Notice of Demand For Trial De Novo?
A: Served it all the way up to the mailbox.

II
In an oral opinion issued on December 8, 2004, the trial judge confirmed the arbitration award. Although there was a clear factual dispute between Shulman's deposition testimony and the certifications filed by the Campisi firm, the judge did not hold a testimonial hearing. Instead, she determined that Shulman was not credible, based on a review of the deposition transcript. Relying on Jones v. First National Supermarkets, 329 N.J.Super. 125, 127, 746 A.2d 1072 (App.Div.), certif. denied, 165 N.J. 132, 754 A.2d 1209 (2000), she reasoned that the court could only extend the thirty day time period for service of the de novo demand in "circumstances that are extraordinary, exceptional and compelling." Accordingly she concluded:
In the present case, the Court is convinced that what happened here is that Miss Shulman mistakenly mailed the deposition notice to Sharkey & Campisi ... It does not matter that defendants may have done so because of the mistake of Miss Shulman or her carelessness or neglect. Case law is crystal clear that Miss Schulman's actions do not constitute extraordinary circumstances. For these reasons, the plaintiff's motion is granted.

III
Pursuant to R. 4:21A-6(b)(1), a party may obtain a trial de novo, following nonbinding arbitration, by filing with the court and "serv[ing] on all other parties a notice of rejection of the award and demand for a trial de novo." The requirement that the demand be filed is statutory, N.J.S.A. 2A:23A-26, but the requirement of service on other parties is only mandated by Court Rule. R. 4:21A-6(b)(l). As we observed in Flett Associates v. S.D. Catalano, 361 N.J.Super. 127, 133, 824 A.2d 264 (App.Div.2003), pursuant to R. 1:1-2, "`any rule may be relaxed... if adherence to it would result in an injustice.'" And R. 1:3-4(a) permits trial and appellate courts to enlarge the time for taking action under the court rules. Ibid.
By setting a short deadline for filing a de novo demand, the statute ensures that the court will promptly schedule trials in cases that cannot be resolved by arbitration. See Flett, supra, 361 N.J.Super. at 134, 824 A.2d 264. Rule 4:21A-6(b)(1) implements the statute, but also engrafts a requirement of service on the adversary. This ensures that the adversary will have a fair opportunity to prepare for trial. See Corcoran v. St. Peter's Med. Ctr., 339 N.J.Super. 337, 344, 771 A.2d 707 (App.Div.2001).
As we reasoned in Flett, supra, since the filing and service requirements serve different goals, it is reasonable to apply different standards for relaxation of the time limits applicable to each:
In Hartsfield [v. Fantini], the Court concluded that the legislative policy of preserving judicial resources by promoting arbitration of personal injury actions required application of an "extraordinary circumstances" standard to an application for relaxation of the thirty-day period for filing a trial de novo demand. *206 149 N.J. at 618, 695 A.2d 259. However, there is no need for application of this same stringent standard to an application for relaxation of the time for service of the demand. We note that once a party files a timely demand, the clerk of the court will promptly schedule the case for trial and notify the parties of the trial date: for example, the clerk sent out a trial notice in this case less than two weeks after the trial de novo demand was filed. Consequently, even though R. 4:21A-6(b)(1) requires both filing and service of a trial de novo demand to be made within thirty days, a delay in satisfaction of the service requirement does not have the same deleterious effect upon efficient administration of the arbitration program as a failure to file the demand within time. Therefore, we conclude that the requirement that a trial de novo demand be served within thirty days, may be relaxed upon a showing of good cause and the absence of prejudice.
[Flett, supra, 361 N.J.Super. at 133-34, 824 A.2d 264.]
In Flett, we found good cause to extend the thirty day deadline where an attorney directed his secretary to file the de novo demand, she prepared the papers to mail to plaintiff's attorney the next day, but she suffered a broken wrist that evening and did not return to work for a month. Flett relied in part on our earlier decision in Corcoran, supra.
In Corcoran, supra, 339 N.J.Super. at 340-43, 771 A.2d 707, we held that the doctrine of substantial compliance applied to the service requirement under R. 4:21A-6(b)(1). In that case defendant's counsel timely filed and served the de novo demand, but his secretary mailed the demand to plaintiff's former trial counsel rather than to plaintiff's new counsel. Defendant's counsel discovered the error and served a copy of the demand on the correct attorney three days after the thirty day period expired.
Corcoran relied on a series of cases in which the doctrine of substantial compliance was applied to service of an affidavit of merit, Mayfield v. Community Med. Assocs., 335 N.J.Super. 198, 762 A.2d 237 (App.Div.2000), service of a new trial motion, Stegmeier v. St. Elizabeth Hosp., 239 N.J.Super. 475, 571 A.2d 1006 (App.Div.1990), and even late filing of a de novo demand, Gerzsenyi v. Richardson, 211 N.J.Super. 213, 511 A.2d 699 (App.Div.1986), where the notice was mailed to the court within time but arrived one day after the thirty day period expired.
In Corcoran, we recognized that an earlier case, Jones v. First National Supermarkets, Inc., supra, held that the service requirement was to be strictly enforced. But we distinguished Jones, because in that case counsel had not attempted to make timely service within the thirty day time limit. Corcoran, supra, 339 N.J.Super. at 341, 771 A.2d 707. See also Flett, supra, (noting that "the party seeking a trial de novo in Jones did not offer any excuse whatsoever for failing to serve the demand in a timely manner." 361 N.J.Super. at 131, 824 A.2d 264.) We conclude, as we did in Corcoran, supra, 339 N.J.Super. at 341-43, 771 A.2d 707, that the doctrine of substantial compliance can be invoked to extend the thirty day time limit for serving the de novo demand.
With this conclusion in mind, we find two errors in the trial court's decision. First, there was clearly a factual dispute as to whether Shulman mailed the de novo notice to plaintiff's law firm. At her deposition Shulman staunchly insisted that she had personally mailed the de novo notice to plaintiff's law firm. Plaintiff's counsel certified that they did not receive the notice. *207 If this were the critical fact in the case, as the trial judge believed it to be, then it would have been error to decide it without holding a testimonial hearing. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995) However, in the circumstances of this case, we conclude that this dispute of fact was not material. Even accepting plaintiffs' version of the facts, i.e., that Shulman mistakenly mailed them a deposition notice instead of the de novo demand, we conclude that defendants substantially complied with the service requirement.[2]Corcoran, supra, 339 N.J.Super. at 342, 771 A.2d 707; Flett, supra, 361 N.J.Super. at 132-33, 824 A.2d 264.
To establish substantial compliance, defendants were required to show:
(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute.
[Corcoran, supra, 339 N.J.Super. at 343, 771 A.2d 707 (citations omitted).]
We conclude that they satisfied this standard.
In their appellate brief, as in their argument before the trial court, plaintiffs' counsel implicitly concede that Farina intended to serve them with the notice and that he instructed Shulman to send out the notice. Plaintiffs do not claim that the Cullen firm intentionally refrained from serving them with the de novo notice. Rather, they contend that due to "sloppy lawyering," the Cullen firm accidentally sent out a deposition notice instead of the de novo notice. Likewise, at oral argument, defense counsel conceded that he did not doubt his adversary's word that his firm did not receive the de novo notice. Therefore, either the notice was mailed but went astray in the post office, or Shulman accidentally put the wrong document in the envelope. Neither scenario would change the result we reach here.
Plaintiffs' counsel learned, within a few days after the thirty day time limit had run, that his adversary had filed the de novo demand with the court. He also contemporaneously received a copy of that notice by fax from the clerk's office. At oral argument, plaintiffs' counsel candidly conceded that his client was not prejudiced by the five-day delay in receipt of the notice. And the court was not delayed in scheduling a trial, because the demand was timely filed. Flett, supra, 361 N.J.Super. at 134, 824 A.2d 264. Further, under all the circumstances, receipt of the deposition notice within the thirty day window for filing a de novo demand should have put plaintiffs' counsel on notice that their adversary had probably filed the demand. Why would defense counsel have served a deposition notice if the litigation was not going to continue? When he called the court, discovered that the de novo notice had been filed, and received a faxed copy together with the certification of service, counsel should have contacted his adversary to alert him to a possible error. Instead, de novo notice in hand, counsel filed a motion to confirm the arbitration award.
As the Supreme Court held in an analogous case concerning the Affidavit of Merit statute, R. 4:21A-6(b)(1) "was not intended to encourage gamesmanship or a slavish adherence to form over substance. The [rule] was not intended to reward [parties] *208 who wait for a default" before bringing an error to the other side's attention. Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 154, 836 A.2d 779 (2003).
In the circumstances of this case, we conclude that there was substantial compliance with the thirty day service requirement. Defense counsel made a good faith attempt to serve the document within the thirty day time limit, even if the wrong document was inadvertently placed in the envelope. Plaintiffs' counsel received a deposition notice within the thirty day window, which should have placed them on notice that the litigation would be continuing. They received actual notice, and a copy of the demand, within a few days after the thirty day limit expired. And the delay has caused no prejudice. Corcoran, supra, 339 N.J.Super. at 343, 771 A.2d 707; Flett, supra, 361 N.J.Super. at 134, 824 A.2d 264. We therefore reverse and remand this matter for further proceedings consistent with this opinion.[3]
Reversed and remanded.
NOTES
[1] Defendants also filed a motion to compel discovery including the deposition demanded in their August 23 deposition notice.
[2] Viewing the facts in the light most favorable to defendants, they complied with the service requirement; Shulman mailed the de novo demand to plaintiffs' counsel, and service was complete upon mailing. R. 1:5-4(b).
[3] Because the trial court confirmed the arbitration award, it did not decide defendants' pending motion concerning discovery issues. On remand, the trial court should address the discovery motion. We intimate no view as to how the motion should be decided. The parties should bear their own costs with respect to the motion to confirm the arbitration award and the resulting appeal.