**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4898-17T4

HELENA CUOMO,

     Plaintiff-Respondent,

v.

TSI RIDGEWOOD, LLC, d/b/a
NEW YORK SPORTS CLUB, [1]

     Defendant-Appellant.

_____

Argued May 2, 2019 – Decided May 21, 2019

Before Judges Simonelli and Firko.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5279-15.

Peter G. Siachos argued the cause for appellant (Gordon Rees Scully Mansukhani LLP, attorneys; Peter G. Siachos and Eric T. Evans, of counsel and on the briefs).

---

[1] Improperly pled as New York Sports Club and Town Sports International Holding, Inc., the actual name of this entity is TSI Ridgewood, LLC, d/b/a New York Sports Club.

Suzanne M. Smith argued the cause for respondent (Cillick & Smith, attorneys; Suzanne M. Smith, on the brief).

PER CURIAM

This appeal concerns the failure of defendant TSI Ridgewood, LLC to file a demand for trial de novo and pay the required fee following a mandatory arbitration in a personal injury matter. Defendant appeals from two April 13, 2018 Law Division orders: (1) enforcing the arbitration award and entering judgment against defendant; and (2) denying defendant's motion for leave to file a demand for trial de novo. Defendant also appeals from the June 8, 2018 order denying its motion for reconsideration. We affirm.

I.

The Mandatory Electronic eCourts Filing System

A May 17, 2017 notice to the Bar advised attorneys that they "must have a Judiciary Account Charge System (JACS) account to electronically file documents that require a fee."[2] A June 6, 2017 notice to the Bar advised attorneys that the Judiciary was implementing a mandatory electronic eCourts

---

[2] See Notice to the Bar, Expansion of eCourts to Civil, Judge Glenn A. Grant, May 17, 2017 (223 N.J.L.J. 1558 (2017)).

filing system (eCourts) in the Superior Court, Law Division, Civil Part on a vicinage by vicinage basis.[3]  The notice advised that "all attorneys will be required to file through eCourts . . . sixty (60) days following implementation of eCourts . . . in each vicinage."  The notice also advised that

> Any paper in a Civil Part matter required to be filed electronically <u>but received other than electronically from an attorney</u> or law firm on or after the mandatory filing date for that vicinage <u>will be returned to the filing attorney with a notice that it must be filed electronically.  In such instances, the attorney will have ten (10) days to file that same document along with the return notice electronically in order to preserve the original submission date as the filing date</u>.
>
> [(Emphasis added).]

The notice further advised that "[a]n attorney seeking to file any fee-related document in the Civil Part through eCourts . . . at present must have a JACS account."  The notice provided the court's contact information for "[q]uestions regarding eCourts . . . and the mandatory electronic filing requirement[.]"

The Bergen County vicinage fully implemented eCourts on September 14, 2017, and announced October 16, 2017 as the mandatory electronic filing date

---

[3]  <u>See</u> Notice to the Bar, eCourts Civil – Mandatory Electronic Filing, Judge Glenn A. Grant, June 6, 2017 (223 N.J.L.J. 1809 (2017)).

A-4898-17T4

for the vicinage.[4]  Thus, as of October 16, 2017, all attorneys filing papers in a Bergen County Civil Part matter had to do so through eCourts and pay the required fee through their JACS account.  By December 14, 2017, eCourts was fully implemented in all vicinages.[5]

### Demand For Trial De Novo and Payment of the De Novo Fee

N.J.S.A. 2A:23A-20 to -30 and Rule 4:21A-1 "mandate the arbitration of all non-automobile negligence personal injury actions except for professional malpractice claims."  Corcoran v. St. Peter's Med. Ctr., 339 N.J. Super. 337, 340-41 (App. Div. 2001).  N.J.S.A. 2A:23A-26 mandates the filing of a trial de novo demand within thirty days of the filing of the arbitration decision.  "By setting a short deadline for filing a de novo demand, the statute ensures that the court will promptly schedule trials in cases that cannot be resolved by arbitration."  Nascimento v. King, 381 N.J. Super. 593, 597 (App. Div. 2005).

---

[4]  See Notice to the Bar, Judge Bonnie J. Mizdol, Bergen Vicinage, September 11, 2017 (223 N.J.L.J. 2858 (2017)).

[5]  See Notice to the Bar, eCourts Civil – Mandatory Electronic Filing, Judge Glenn A. Grant, June 6, 2017 (223 N.J.L.J. 1809 (2017)).

A-4898-17T4

Rule 4:21A-6(b)(1) mandates the filing and service of the trial de novo demand and payment of a trial de novo fee within thirty days and provides, in pertinent part:

> An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
>
> (1) within [thirty] days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in [Rule 4:21A-6(c)].
>
> [(Emphasis added).]

The purpose of Rule 4:21A-6(b)(1) "is to require a prompt demand for a trial de novo in cases subject to mandatory arbitration[.]" Corcoran, 339 N.J. Super. at 344. Thus, "Rule 4:21A-6(b)(1) 'set[s] a short deadline for filing a [trial] de novo demand' to 'ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration.'" Vanderslice v. Stewart, 220 N.J. 385, 392 (2015) (alterations in original) (quoting Nascimento, 381 N.J. Super. at 597). "The Legislature intended [that rule] . . . to be strictly enforced." Hartsfield v. Fantini, 149 N.J. 611, 616 (1997) (alteration in original) (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)). Thus, our courts have cautioned that

when neither party has made a timely motion for a trial de novo, the court's power to extend the time frame [under Rule 4:21A-6] "must be sparingly exercised with a view to implementing both the letter and the spirit of the compulsory arbitration statute and the rules promulgated pursuant thereto, to the end that the arbitration proceedings achieve finality."

[Martinelli v. Farm-Rite, Inc., 345 N.J. Super. 306, 310 (App. Div. 2001) (quoting Mazakas v. Wray, 205 N.J. Super. 367, 372 (App. Div. 1985)).]

As Rule 4:21A-6(b)(1) mandates, a party filing a trial de novo demand must also pay a fee as set forth in Rule 4:21A-6(c). Prior to May 2017, Rule 4:21A-6(c) provided, in pertinent part, that "[a] party demanding a trial de novo must tender with the trial de novo request a check payable to the 'Treasurer, State of New Jersey' in the amount of $200[.]" An amendment to Rule 4:21A-6(c), effective May 30, 2017, eliminated the specific method of payment to the Treasurer, State of New Jersey, and provided, in pertinent part, that "[a] party demanding a trial de novo must submit with the trial de novo request a fee in the amount of $200[.]"

By eliminating a specific method of payment [to the Treasurer, State of New Jersey] the Court meant to provide for payment of [the $200] fee in eCourts Civil by an attorney collateral account (Judiciary Account Charge System (JACS)). Presumably payment may still be made by check payable to the Treasurer at least

until such time as the eCourts system has been fully implemented.

[Pressler & Verniero, Current N.J. Court Rules, cmt. 7.4 on R. 4:21A-6 (2019) (emphasis added).]

A June 9, 2017 notice to the Bar advised attorneys of the amendment to Rule 4:21A-6(c):

> The Supreme Court by Order dated May 30, 2017 adopted amendments to paragraph (c) of [Rule] 4:21A-6 so as to remove reference in the rule to any particular method of payment for the trial de novo fee. The rule amendments, which are appended to this notice, will permit the payment of trial de novo filing fees in eCourts Civil by attorney collateral account (Judiciary Charge System (JACS) account).[6]

The notice provided the court's contact information for "[q]uestions concerning this matter[.]"

Defendant's Failure to File the
Trial De Novo Demand and Pay the $200 Fee

On January 31, 2018, the arbitrator filed a net award of $200,000 in favor of plaintiff Helena Cuomo.[7] The time for defendant to file a trial de novo demand and pay the $200 fee expired thirty days later, on March 2, 2018.

---

[6] See Notice to the Bar, Amendment to Court Rule 4:21A-6(c), Judge Glenn A. Grant, June 9, 2017 (223 N.J.LJ. 1874 (2017).

[7] The arbitrator awarded at total of $250,000, but found plaintiff twenty percent liable.

A-4898-17T4

Defense counsel, who had a JACS account, claimed he "was confused about how the $200 fee was to be paid to the [c]ourt[,]" but he never contacted the court to ascertain the proper procedure. Instead, on February 1, 2018, nearly four months after the mandatory eCourts electronic filing date in the Bergen County vicinage, counsel instructed his secretary to "immediately . . . prepare and file [a trial de novo demand] with appropriate payment" and "ascertain how the $200 fee was to be submitted to the [c]ourt for payment."

The secretary had received training on eCourts, but did not recall receiving instruction on how to file a trial de novo demand and submit the $200 filing fee. She claimed she was "confused about how to file a trial de novo [demand] and effectuate payment of the $200 fee[,]" but never contacted the court to ascertain the proper procedure. Instead, she decided to send the trial de novo demand to the clerk of the Civil Division by Federal Express along with a check in the amount of $200 made payable "to the Superior Court of New Jersey." She sent the trial de novo demand and $200 check on February 13, 2018, and sent a copy to plaintiff. Defense counsel signed the transmittal letter to the clerk.

On February 21, 2018, the secretary received a notice from the clerk of the Civil Division, dated February 16, 2018, that the documents were rejected

because "[a]ll . . . documents filed by an attorney or law firm <u>must be done</u> electronically through eCourts."  The notice stated that the documents would be "considered 'received' as of the date of entry in eCourts[,]" were being returned "pursuant to [<u>Rule</u>] 1:5-6(c)," and would be "marked <u>'received' but not 'filed</u>[.]'"[8] (Emphasis added).  The notice also stated that "if the paper is retransmitted together with the required document or fee, as appropriate, within ten days after the date of the . . . notice, filing will be deemed to have been made on the stamped receipt date."  The notice provided the court's contact information for questions about the filing period and the fee.

The secretary claimed she was confused by the clerk's notice.  However, she never advised defense counsel about the notice and never contacted the court for assistance.  Instead, on February 21, 2018, she attempted to retransmit the trial de novo demand through eCourts, but incorrectly submitted the document for filing as an "Arbitration Award" rather than a trial de novo demand.  On February 23, 2018, the clerk sent all counsel and the secretary a deficiency notice, stating "Payment Missing."  The notice also stated, "<u>Login</u> to eCourts to view the Case Jacket.  You will need a valid user ID (Bar ID) to view the

---

[8]  The documents the secretary submitted were date-stamped by the Bergen County Finance Division on February 14, 2018, but were not file-stamped.

submitted documents." The notice advised, "[f]or questions, please contact the Superior Court of New Jersey Civil Division in county of venue."

Defense counsel spoke to his secretary on February 26, 2018 about the deficiency notice and she advised him that the $200 fee had already been submitted to the court. Thus, they both "assumed" the clerk still had the $200 check but had not yet submitted it for payment. Neither of them contacted the court about the deficiency notice or the check, nor did they log into eCourts to view the case jacket or inquire whether the trial de novo demand had been filed.

The time to file a trial de novo demand expired on March 2, 2018. On March 19, 2018, plaintiff filed a motion to confirm the arbitration award. Defendant filed a cross-motion for leave to file a trial de novo demand. Defense counsel claimed it was not until after plaintiff filed her motion that he first became aware the court had not processed the $200 check. However, he admitted in his certification that the clerk had returned the check with the February 16, 2018 notice, and that what happened here was a "clerical error."

The trial court entered two orders on April 13, 2018: one confirming the arbitration award and entering judgment, and the other denying defendant's motion for leave to file a trial de novo demand. The court later denied defendant's motion for reconsideration.

10

Because this appeal involves an interpretation of the court rules governing mandatory arbitration, our review is de novo. Vanderslice, 220 N.J. at 389. We are not bound by the trial court's findings and conclusions, but have "the right to review the record and make [our] own findings of fact and conclusions" based on the record below. Grasso v. Borough Council of Glassboro, 205 N.J. Super. 18, 25 (App. Div. 1985). Applying this standard, we discern no reason to reverse.

## II.

Defendant contends that payment of the $200 fee by check within the thirty-day period conformed to Rule 4:21A-6(c). Defendant argues that when amending the Rule, the Supreme Court never indicated that JACS accounts are the exclusive payment method for trial de novo fees. Rather, the Court amended the Rule to remove reference to any particular method of payment in order to allow for alternative methods of payment, including JACS accounts. We disagree.

We first note that even if payment by check was still a proper method of payment under the amended Rule 4:21A-6(c), which it was not, the check here was nonconforming because it was improperly made payable to the Superior Court of New Jersey, not the Treasurer, State of New Jersey. Thus, the check

11

was nonconforming and would not have effectuated the filing of the trial de novo demand.

In any event, as of October 16, 2017, an attorney could only file papers in a Bergen County Civil Part matter through eCourts. Thus, defendant's filing of the trial de novo demand via Federal Express was improper and the clerk properly rejected and returned the documents submitted, which included the $200 check.

If the electronic filing was fee-related, as of October 16, 2017, an attorney could only make payment through his or her JACS account. Even assuming attorneys could still pay by check made payable to the Treasurer, State of New Jersey, that method of payment was eliminated on December 14, 2017, when eCourts was fully implemented in all vicinages. See Pressler & Verniero, Current N.J. Court Rules, cmt. 7.4 on R. 4:21A-6 (2019). Thus, defendant's payment by check was nonconforming.

Defendant argues that even if payment by check was nonconforming, the court erred in confirming the arbitration award and denying its motion because it never received specific notice that the payment was nonconforming, as required by Rule 1:5-6(c). This argument lacks merit.

Rule 1:5-6(c) provides as follows, in pertinent part:

The clerk shall file all papers presented for filing and may notify the person filing if such papers do not conform to these rules, except that

(1) the paper shall be returned stamped "Received but not Filed (date)" if it is presented for filing unaccompanied by any of the following:

(A) the required filing fee[.]

. . . .

If a paper is returned under this rule, it shall be accompanied by a notice advising that if the paper is retransmitted together with the required signature, document or fee, as appropriate, within ten days after the date of the clerk's notice, filing will be deemed to have been made on the stamped receipt date.

Rule 1:5-6(c) does not require that the notice specify why the papers do not conform to the rules. The Rule only requires that the notice specify "if the paper is retransmitted together with the required signature, document or fee, as appropriate, within ten days after the date of the clerk's notice, filing will be deemed to have been made on the stamped receipt date." Ibid. The February 16, 2018 notice contained such language.

Moreover, the clerk did not return the documents because payment by check was nonconforming or because the required filing fee had not been paid. Rather, according to the February 16, 2018 notice, the documents were returned because the filing did not conform to the mandatory requirement that all

13

documents filed by an attorney or law firm had to be filed electronically through eCourts. Although defense counsel's secretary attempted to retransmit the trial de novo demand through eCourts, she did not make payment through defense counsel's JACS account, nor did she send another check. The clerk's February 23, 2018 deficiency notice advised there was a "Payment Missing." Nothing was done thereafter to pay the fee. We are satisfied that defendant received the notice required by Rule 1:5-6(c) and failed to cure the deficiency.

## III.

Defendant next contends it substantially complied with Rule 4:21A-6(c) warranting relaxation of the thirty-day time period. We reject this contention.

The substantial compliance doctrine has been applied to relax the thirty-day rule for service of a timely filed trial de novo demand, whereas the more stringent standard of "extraordinary circumstances" is required to relax the thirty-day rule for filing a trial de novo demand. Nascimento, 381 N.J. Super. at 598. Here, there was a failure to file, not a failure to serve, a trial de novo demand and pay the required fee. Thus, the substantial compliance doctrine does not apply and defendant was required to show exceptional circumstances

A-4898-17T4

to warrant relaxing the third-day period.[9]  At oral argument of this appeal, defendant abandoned its contention that it satisfied the extraordinary circumstances doctrine.

Even if the substantial compliance doctrine applied, we conclude defendant failed to show substantial compliance.  In order to establish substantial compliance with Rule 4:21A-6, defendant had to show all five of the following factors:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.
>
> [Nascimento, 381 N.J. Super. at 600 (quoting Corcoran, 339 N.J. Super. at 343).]

Here, there was no compliance with N.J.S.A. 2A:23A-20 to -30 and Rule 4:21A-6, let alone substantial compliance.  Nine months prior to the expiration

---

[9]  Defendant argues, in part, that the substantial compliance doctrine should apply because this matter involves the failure to pay the trial de novo fee, rather than a failure to file the trial de novo demand.  Defendant cites to Vanderslice to support this argument, arguing "[t]he Supreme Court indicated that the substantial compliance doctrine should apply given the Court's holdings on fee requirements."  However, the Court in Vanderslice explicitly abstained from discussing whether substantial compliance or extraordinary circumstances should be considered in that case.  Vanderslice, 220 N.J. at 392-93.  Thus, defendant's reliance on Vanderslice is misapplied.

of the thirty-day period in this matter, the Bar was notified of mandatory eCourts filing and fee payment requirements. eCourts filing system became mandatory in the Bergen County vicinage nearly four months before the expiration of the thirty-day period in this matter. Defendant's filing of the de novo demand and payment of the fee did not comply with the mandatory eCourts filing and payment requirements. Defendant received appropriate notice of the filing and payment deficiencies and had time within the thirty-day period to contact the court to ascertain the proper procedure and cure those deficiencies. Defendant took no steps to do so, and provided no reasonable explanation why there was no strict compliance with the statute and rule. A clerical error, as occurred here, does not warrant relaxation of the thirty-day period. See Behm v. Ferreira, 286 N.J. Super. 566, 574 (App. Div. 1996).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4898-17T4