**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1706-24

ARORA PETROLEUM 2, LLC,

      Plaintiff-Respondent,

v.

AVIN PETROLEUM LLC and
ERANGA THENNEGEDARA,
a/k/a RANKOTHGE ERANGA
N. THENNEGEDARA,

      Defendants/Third-Party
      Plaintiffs-Appellants,

v.

SOUTH ST EATONTOWN, LLC,
and FELIX G. BRUSELOVSKY,
a/k/a FELIX R. BRUSELOVSKY,
FELIX BRUSELOVS, FELIX
BRUSEL,

      Third-Party Defendants-
      Respondents.

_____

Submitted January 20, 2026 – Decided February 4, 2026

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1040-22.

John J. Hopkins, III, attorneys for appellants.

Herrick Feinstein LLP, attorneys for respondents South St Eatontown, LLC and Felix G. Bruselovsky (K. Heather Robinson, on the brief).

PER CURIAM

Defendants Avin Petroleum, LLC, and its owner, Eranga Thennegedara, appeal from two February 3, 2025 orders that confirmed an arbitration award and denied as untimely their request for a trial de novo. Because defendants failed to meet the thirty-day filing deadline imposed by Rule 4:21A-6(b)(1), and present no "extraordinary circumstances" that would permit a relaxation of that time period, we affirm.

Plaintiff operated and ran a gas station and convenience store in Eatontown for two years, before selling the business and transferring their lease to defendants in 2022. Prior to the sale, plaintiff entered into a lease agreement with third-party defendants South St Eatontown, LLC, and Felix G. Bruselovsky, the landlord who owned the underlying property for the gas station and store. After taking over operation of the business, defendants failed to make payments pursuant to the purchase and lease agreements, and plaintiff accordingly sued them. In their answer, defendants denied all of plaintiff's

2

allegations and asserted third-party claims, contending any damages they might owe arose from the actions of the third-party defendants. After the close of discovery, the matter was referred to mandatory arbitration under Rule 4:21A-1(a). In a separate matter, third-party defendants successfully moved to evict defendants.

The parties attended the mandatory arbitration hearing on October 23, 2024. On November 6th, the arbitrator issued an award against defendants, and in favor of plaintiff for $216,469.87 and third-party defendants for $49,827.67, with $12,000 "set off" by defendant's security deposit "unless already applied." In the award, the arbitrator described the business arrangement as "spectacularly bad" and concluded defendants failed to "meet their burden of proof" with respect to their claims "of fraud with tones of predatory lending . . . ." The arbitrator's award also specifically informed all parties that a request for a trial de novo must be filed within thirty days and include the required $200 filing fee.

The arbitration award was posted on eCourts on November 6th. On December 12th, within fifty days of that posting, third-party defendants moved to confirm the award and sought entry of judgment as permitted by Rule 4:21-6(b)(3). Third-party defendants also advised the court that plaintiff joined in their timely application.

A-1706-24

Defendants failed to file a request for a trial de novo within thirty days of receiving notice of the November 6th award as required by Rule 4:21-6(b)(1). Instead, on December 17th, defendants attempted to file an unsigned, untimely trial de novo request without the required $200 filing fee, which the court rejected.

After their untimely de novo request was rejected by the court, defendants made a second attempt by filing a cross motion on December 28th to serve a late trial de novo, citing Rules 4:21-6(b)(1) and 1:1-2. Defendants supported their cross-motion with its counsel's certification who maintained defendants filing was timely because he did not receive a mailed copy of the November 6th e-filing until a "little over [t]wo [w]eeks after the hearing." Counsel also stated that at the arbitration hearing, the arbitrator stated "it was more than he could decide in a [o]ne [h]our hearing" and had "adjourned [the proceeding]. . . [to] read . . . all the statements and documents . . . ."

After considering the parties' written submissions and oral arguments, which included defendants' counsel's clarifying representation that he received the November 6th arbitration award "at least a week later," the court issued two orders that granted plaintiff's and third-party defendants' motion to confirm the arbitrator's award and rejected defendants' motion to allow a late filing. In its

4

oral decision, the judge explained that while the third-party defendants timely filed their motion to confirm the award, defendants failed to file their request for a trial de novo within thirty days of receiving the award as required.

The court also rejected all of defendants claims excusing them from the thirty-day deadline as none qualified as "exceptional and compelling" circumstances to warrant relaxing the filing deadlines under Rule 4:21A-6(b)(1) or Rule 1:1-2, as required under Hartsfield v. Fantini, 149 N.J. 611, 618 (1997) (holding "courts must determine that 'extraordinary circumstances' exist [to relax the thirty-day rule in Rule 4:21A-6(b)] and that those circumstances did not arise from an attorney's 'mere carelessness' or 'lack of proper diligence.'") (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)).  Thus, after third-party defendants certified they had no objection to the "$12,000 set off" in the arbitration award due to defendant's security deposit, the court entered judgment against defendants in the amount of $216,469.87 for plaintiff and $37,827.67 for third-party defendants and dismissed defendants' claims.

This appeal followed in which defendants raise two primary arguments. First, they contend that although they received the "arbitration award [vi]a letter," they failed to receive an "official notice" or a "notification of the right to request" a de novo trial, as required by Rule 4:21A-6.  They further contend

it was unclear as to what they received because they were "unsure if the hearing was being treated as a R[ule] 4:21A hearing or a mediation." Defendants also rely on Rule 1:1-2 to permit their belated filing because of "the apparent failure of the [a]rbitrator to receive all of the documents by email and the timing and failure to provide the [d]efendant[s] [with] correct notices . . . ." They contend they "tried to file the [request] within [thirty] days," but "eCourts refused to allow . . . the request to be entered . . . ."

Next, for the first time on appeal, defendants argue by enforcing Rule 4:21A-6(b)(1)'s deadline, the court's orders violate their due process rights because they have the effect of denying their constitutional right to a jury trial. On this point they stress both the federal and state constitutions "guarantee[] the right of all parties to a jury trial," and further the New Jersey Constitution "gives greater [d]ue [p]rocess rights to its citizens." Finally, defendants contend the thirty-day requirement of Rule 4:21A-6 should not be used as "a statute of limitations on a case." We disagree with all of these arguments.

With respect to their first arguments, we agree with the court that defendants' application was untimely, and they failed to establish extraordinary circumstances to permit the late filing or to permit the filing under any equitable principle. We deem defendants newly-minted constitutional arguments to be

6

improperly raised for the first time on appeal and, as to the substance of those arguments, of insufficient merit to warrant discussion in a written opinion. <u>See</u> <u>R.</u> 2:11-3(e)(1)(E). We provide the following comments to amplify our decision.

We first identify the standards of review governing our analysis. An interpretation of court <u>Rules</u> governing mandatory arbitration, including review of an order confirming the arbitration award is de novo, as it involves the interpretation of <u>Rules</u> 4:21A-5 and 4:21A-6. <u>See</u> <u>Meehan v. Antonellis</u>, 226 N.J. 216, 230 (2016) (appellate courts interpret statutes and court rules de novo). Under this standard, a "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." <u>Rowe v. Bell & Gossett Co.</u>, 239 N.J. 531, 552 (2019) (alteration in original) (quoting <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)). In reviewing an arbitration decision, however, "we must be mindful of New Jersey's 'strong preference for judicial confirmation of arbitration awards.'" <u>Sanjuan v. Sch. Dist. of W. N.Y.</u>, 256 N.J. 369, 381 (2024) (quoting <u>Middletown Twp. PBA Loc. 124 v. Twp. of Middletown</u>, 193 N.J. 1, 10 (2007)).

Further, we review the determination whether there was substantial compliance with Rule 4:21A–6(b)(1), or good cause to relax its requirements, for an abuse of discretion. See Schor v. FMS Fin. Corp., 357 N.J. Super. 185, 195 (App. Div. 2002). "[A]n abuse of discretion occurs when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012) (alteration in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012)).

With these principles in mind, we turn to the Rules at issue. Rule 4:21A-5, as amended in September 2024, provides:

> No later than ten days after the completion of the arbitration hearing, the arbitrator shall file the written award with the civil division manager. The court shall upload the award into the court's electronic filing system, at which time it shall be deemed filed and provided to all parties. The award shall include a notice of the right to request a trial de novo and the consequences of such a request as provided by Rule 4:21A-6.[1]

---

[1] We note that before the 2024 amendment, which went into effect prior to the award here, the Supreme Court in an order and Notice to the Bar stated that "documents filed through an approved electronic filing system are deemed filed upon receipt into the system." See Order: Filing of Documents Electronically Using a Judiciary-Authorized Electronic Filing System—Supreme Court Relaxation of Rule 1:5-6 (Nov. 15, 2017).

A-1706-24

Further, pursuant to Rule 4:21A-6(b)(1), a party may obtain a trial de novo if, "within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee. . . ." Following a timely trial de novo, the action is returned to the trial calendar. R. 4:21A-6(c). The express language of this rule provides that both filing and service of the demand must be accomplished within thirty days of the entry of an arbitration award. Ibid.[2]

The short deadline established in Rule 4:21A-6(b)(1) for filing a de novo demand is designed to "require a prompt demand for a trial de novo in cases subject to mandatory arbitration," Corcoran v. St. Peter's Med. Ctr., 339 N.J.

_____

[2] Although not applicable to the award here, a new subparagraph (b)(2) had been adopted effective July 2025 to provide that a party who missed the thirty-day window to file a demand for trial de novo would receive an additional ten days to file a motion "to reject an arbitration award and demand a trial de novo as within time upon establishing good cause." See Order: Amendments To Rules 4:21A-2, 4:21A-4, 4:21A-6; Increased Arbitrator Compensation; Increased Trial De Novo Fee; Added Ecourts Functionality (June 24, 2025); Pressler & Verniero, Current N.J. Court Rules, cmt. 7.2.1 on R. 4:21A-9, at 1368 (2026). Those amendments, however, were rescinded effective September 2025, and the Judiciary "implemented a process to issue an electronic reminder to the parties . . . seven days before the [thirty]-day deadline." See Order: 2025 Omnibus Rule Amendment Order & Supreme Court Action on Non-Rule Recommendations (July 31, 2025).

Super. 337, 344 (App. Div. 2001), and to "ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration," Nascimento v. King, 381 N.J. Super. 593, 597 (App. Div. 2005). "The Legislature intended [that rule] . . . to be strictly enforced." Hartsfield v. Fantini, 149 N.J. 611, 616 (1997) (alteration and omission in original) (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)).

The thirty-day filing requirement can be relaxed under Rule 4:21A-6(b)(1) upon a showing of "extraordinary circumstances." Hartsfield, 149 N.J. at 618. "That determination is fact sensitive and should be made on a case-by-case basis." Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 609 (1997). To qualify as "extraordinary," the situation must be something "unusual or remarkable," or "having little or no precedent and usually totally unexpected." Martinelli v. Farm-Rite, Inc., 345 N.J. Super. 306, 311 (App. Div. 2001) (citations omitted). They must also further the goals of arbitration, "'which [are] to bring about inexpensive, speedy adjudications of disputes and to ease the caseload of state courts.'" Hartsfield, 149 N.J. at 619 (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)). Extraordinary circumstances, however, will "not arise from an attorney's 'mere carelessness' and 'lack of proper diligence.'" Martinelli, 345 N.J. Super. at 310 (quoting Hartsfield, 149 N.J. at 618).

10

Against these legal principles, we are convinced the court correctly confirmed the arbitration award and denied defendants' motion to file a late trial de novo. We reach this result because we are satisfied the record supports the court's conclusion that defendants failed to comply, substantially or otherwise, with the thirty-day filing period to request a trial de novo and presented no "extraordinary circumstances" to justify relaxing this deadline.

We reject defendants' assertions they were not bound by the thirty-day time limitation to file a trial de novo demand under Rule 4:21A-6 because their counsel did not receive a paper copy of the award in the regular mail or because counsel failed to observe the filing clearly posted on eCourts. The former is contrary to the time limitations of Rule 4:21A-5, and before the Rule's amendment, the referenced Supreme Court order. The latter is insufficient to constitute an extraordinary circumstance under Hartsfield. Defendants' reasons for missing the filing deadline reflect a "lack of proper diligence" which our Supreme Court has clearly stated is insufficient to establish extraordinary circumstances. Hartsfield, 149 N.J. at 618.

Further, defendants' counsel's claim that he never received notice is belied by the uncontroverted proofs produced by third-party defendants that notice of the arbitration award was uploaded to eCourts on November 6th. In support,

11

third-party defendants produced both the notification email itself and a log of the notifications from eCourts, both of which confirm the arbitration award was posted on November 6th.

Moreover, we note defendants provided no corroborative support, by way of copies of the purported mailing, for example, to support their counsel's generalized claim regarding receipt of the award. In his certification, defendants' counsel attests he did not receive the arbitration award until "two weeks after the hearing" and that he "received the award well after November 6[th]." We note these two assertions are seemingly contradictory as November 6th is approximately two weeks after October 23rd, the date when the arbitration proceeding was held.[3]

We also agree with the court that defendants failed to establish the existence of "extraordinary circumstances," warranting their belated filing. The record does not support any claim that the conduct of the arbitration proceeding, or the arbitrator's instructions somehow seduced them into their belated and deficient filing. It is clear all parties were aware they were appearing for a mandatory arbitration, and the arbitrator's award, filed on eCourts the day it was

---

[3] We note the parties have not addressed the fact that the award appears to include the electronic signatures of counsel. As that fact was not raised below, we do not, and need not, address it.

A-1706-24

issued, clearly informed defendants of the thirty-day deadline and the requirement of a filing fee.

Finally, for the first time on appeal, defendants contend the court's orders violate their constitutional rights. It is well-settled that appellate courts "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Neither exception applies here.

In any event, as noted, supra, we deem defendants' arguments on this point of insufficient merit to warrant extended discussion in a written opinion. It is enough to state that our Supreme Court has concluded Rule 4:21A "preserve[s] an individual's right to a jury trial by providing that a person dissatisfied with the arbitration award has the right to request a trial de novo." Hartsfield, 149 N.J. at 616. We are satisfied the court's proper interpretation and application of Rule 4:21A-6 did not violate defendants' constitutional rights.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1706-24